Kris A. McLean
KRIS A. MCLEAN LAW FIRM, PLLC
315 West Pine Street Missoula,
Montana 59802
Phone: (406) 214-1965
Email: kris@krismcleanlaw.com
*Attorneys for Plaintiff*

## MONTANA SECOND JUDICIAL DISTRICT COURT
### BUTTE-SILVER BOW COUNTY

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC the sole member of CryptoWatt Mining, LLC.<br><br>Plaintiff,<br><br>v.<br><br>Matthew Brent Goettsche, an individual and majority owner of CryptoWatt Investment Partners, LLC the sole member of Cryptowatt Mining, LLC.<br><br>Defendant | Dept. 1<br>Cause No. DV-19-453<br><br>**EX PARTE EMERGENCY MOTION TO APPOINT A RECEIVER**<br>**And Request for a Hearing** |

Comes now the Plaintiff, Kevin Washington, and moves this Court pursuant to MCA 27-20-102(3) to appoint a Receiver for the assets of CryptoWatt Mining, LLC and CryptoWatt Investment Partners, LLC. For the reasons set forth in Plaintiff's Complaint and Brief in Support of Ex Parte Emergency Motion to Appoint a Receiver filed in conjunction with this motion, Plaintiff respectfully requests the Court set this matter for hearing at its earliest convenience.

Wherefore, Plaintiff respectfully requests the Court grant his motion to

1

appoint a Receiver for the assets of CryptoWatt Investment Partners, LLC and

CryptoWatt Mining, LLC.

DATED this 30th day of December, 2019.

                                        KRIS A. MCLEAN LAW FIRM, PLLC

                                        Kris A. McLean
                                        _____
                                        Kris A. McLean
                                        Attorney for Plaintiff

Kris A. McLean
KRIS A. MCLEAN LAW FIRM, PLLC
315 West Pine Street Missoula,
Montana 59802
Phone: (406) 214-1965
Email: kris@krismcleanlaw.com
*Attorneys for Plaintiff*

MONTANA SECOND JUDICIAL DISTRICT COURT
BUTTE-SILVER BOW COUNTY

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC the sole member of CryptoWatt Mining, LLC. <br><br> Plaintiff <br><br> v. <br><br><br> Matthew Brent Goettsche, an individual and majority owner of CryptoWatt Investment Partners, LLC the sole member of CryptoWatt Mining, LLC. <br><br> Defendant | Dept. 1 <br> Cause No. DV-19-453 <br><br><br><br> **BRIEF IN SUPPORT OF EX PARTE EMERGENCY MOTION TO APPOINT A RECEIVER** |

Section 27-20-102, MCA delineates the instances in which a district court may appoint a receiver, including in actions "between partners or others jointly owning or interested in any property or fund, …when it is shown that the property or fund is in danger of being lost, removed, or materially injured…" Section 27-20-102(3), MCA. The plaintiff or "any party whose right to or interest in the property or fund or the proceeds of the property or fund is probable" may apply to

1

the district court to appoint a Receiver. The party seeking the appointment of a receiver bears the burden of showing the property "is in danger of loss from neglect, waste, misconduct, or insolvency." *Sandrock v. DeTienne*, 2010 MT 237, ¶ 25, 358 Mont. 175, 243 P.3d 1123; *Crowley v. Valley W. Water Co.*, 267 Mont. 144, 151, 882 P.2d 1022, 1026 (1994).

In this case, a Receiver must be appointed immediately to save 32 good paying jobs and prevent assets worth tens of millions of dollars from diminishing drastically in value in very short order. Mr. Richard B. Tabish is the President of FX Solutions, Inc., the company that contracts with CryptoWatt Mining, LLC to operate its Bitcoin mining facility at Butte, Montana. The affidavit of Mr. Tabish (attached hereto as Exhibit 1) describes the critical business issues facing CryptoWatt Mining, LLC. As Mr. Tabish explains in his affidavit:

1. Mr. Matthew Goettsche is presently solely authorized to and responsible for conducting the financial transactions in Bitcoin and regular currency that funds the operation of CryptoWatt Mining, LLC's Butte facility.

2. Mr. Goettsche is presently incarcerated by federal authorities pending trial on the Indictment attached to Mr. Washington's Complaint in this matter.

3. Mr. Goettsche's unavailability to conduct financial transaction has caused all funding of CryptoWatt Mining, LLC's operations at its Butte facility to cease, resulting in all CryptoWatt Mining, LLC's employees being laid off from their employment. In addition, Mr. Goettsche's unavailability to conduct financial transactions has resulted in approximately $84,000 in checks to FX Solutions,

Inc. to be returned for insufficient funds. These payments from CryptoWatt

Mining, LLC to FX Solutions, Inc. were largely designated for the payroll of

the 32 employees of FX Solutions, Inc. that work at CryptoWatt Mining, LLC's

Butte facility. Mr. Goettsche's unavailability and failure to pay FX Solutions,

Inc. for its services has put the jobs of the 32 employees of FX Solutions, Inc.

that work at CryptoWatt Mining, LLC's Butte facility in jeopardy.

4.  The production of Bitcoin at CryptoWatt Mining LLC's Butte facility requires

    a contract for electric power to run its Bitcoin mining machines.

5.  Mr. Goettsche's unavailability to conduct financial transactions has caused

    CryptoWatt Mining LLC's electric power contract with Northwestern Energy

    to go into arrears, threatening the continued availability of electric power.

    Without electrical power for producing Bitcoin at CryptoWatt Mining LLC's

    Butte facility, the facility must be shut down, no Bitcoin will be produced and

    32 employees of FX Solutions, Inc. will lose their jobs.

6.  With an electric power contract in place, CryptoWatt Mining LLC's Butte

    facility is a very valuable asset, likely worth more than $40 milllion. Without

    an electric power contact in place, the value of CryptoWatt Mining LLC's

    Butte facility diminishes quickly and drastically. Moreover, every day that

    CryptoWatt Mining LLC's Butte facility is not operating and producing Bitcoin

    costs the owners of CryptoWatt Mining LLC approximately 12 Bitcoin-a

    substantial amount of money depending on the value of Bitcoin on any given

    day (for example, today the owners of CryptoWatt Mining, LLC lost

approximately $87,600 in revenue by not being in operation and producing Bitcoin).

Plaintiff Kevin Washington, as the minority owner of CryptoWatt Investment Partners, LLC and CryptoWatt Mining, LLC, is a party "whose right to or interest in the property or fund or the proceeds of the property or fund is probable" qualifying him to apply to this Court to appoint a Receiver. The allegations in Mr. Washington's Complaint in this case, the allegations in the federal Indictment pending against Mr. Goettsche and Mr. Tabish's affidavit clearly establish that the assets of CryptoWatt Investment Partners, LLC and CryptoWatt Mining, LLC are "in danger of loss from neglect, waste, misconduct or insolvency." As such, Plaintiff Kevin Washington has met his burden to show the necessity of appointing a Receiver of the assets of CryptoWatt Investment Partners,LLC and CryptoWatt Mining, LLC and respectfully requests this Court do so as its earliest convenience.

DATED this 30th day of December, 2019.

                              KRIS A. MCLEAN LAW FIRM, PLLC

                              Kris A. McLean
                              Kris A. McLean
                              Attorney for Plaintiff

4

Kris A. McLean
KRIS A. MCLEAN LAW FIRM, PLLC
315 West Pine Street Missoula,
Montana 59802
Phone: (406) 214-1965
Email: kris@krismcleanlaw.com
*Attorneys for Plaintiff*

### MONTANA SECOND JUDICIAL DISTRICT COURT
### SILVER BOW COUNTY

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC the sole member of CryptoWatt Mining, LLC. | Dept. 1 Cause No. DV-19-453 |
| Plaintiff, | |
| v. | **RULE 3(b) CERTIFICATION OF NOTICE** |
| Matthew Brent Goettsche, an individual and majority owner of CryptoWatt Investment Partners, LLC the sole member of Cryptowatt Mining, LLC. | |
| Defendant | |

Comes now Plaintiff's counsel, Kris A. McLean, pursuant to Montana

Uniform District Court Rule 3(b) and certifies the notice provided to the Defendant

of the hearing on Plaintiff's Ex Parte Emergency Motion to Appoint a Receiver:

1.  On June 6, 2019, Plaintiff's counsel became aware during a telephone

    conversation with Mr. Josh Kalish, that Mr. Kalish represented the defendant,

    Matthew Brent Goettsche (hereinafter "Goettsche") in matters concerning the

    CryptoWatt Bitcoin Mining Facility at Butte, Montana.

2.  Mr. Kalish is an attorney in the law firm Odell, Girten, Seigel, LLC in New

York, New York.

3. On December 16, 2019, Plaintiff's counsel became aware during a telephone
   conversation with Mr. Patrick Ridley that Mr. Ridley represented the defendant,
   Goettsche in defense of the charges contained in the Indictment presently
   pending against defendant Goettsche in the United States District Court,
   District of New Jersey, attached as exhibit 1 to Plaintiff's Complaint in this
   case.

4.  Mr. Ridley is an attorney in the Ridley, McGreevy & Winocur P.C. law firm in
   Denver, Colorado.

5. In an effort to provide defendant Goettsche and his attorneys as much notice as
   possible under these emergency circumstances, the undersigned Plaintiff's
   counsel emailed Mr. Kalish and Mr. Ridley on December 29, 2019 at 10:54
   p.m. Mountain time attaching copies of the Complaint filed in this case, the
   Complaint filed in DV 19-452 (FX Solutions, Inc. v. Goettsche), the summons
   issued in each case, acknowledgment of service and waiver of service forms for
   each case, a DRAFT of Plaintiff's Ex Parte Emergency Motion for
   Appointment of Receiver, a DRAFT of Plaintiff's Brief in Support of his Ex
   Parte Emergency Motion for Appointment of Receiver, a DRAFT of the
   Proposed Order for Appointment of a Receiver, a DRAFT of the Bitcoin
   Protocol attached to the Proposed Order for Appointment of a Receiver, the
   affidavit of Mr. Richard B. Tabish attached to Plaintiff's Complaint and
   DRAFT Brief in Support of his Ex Parte Emergency Motion for Appointment

Plaintiff's Rule 3(b) Certification of Notice                                    2

of a Receiver and a DRAFT Affidavit of Mr. Kevin Washington.

6. On December 30, 2019 at 7:53 a.m. Mountain time, Mr. Kalish emailed
   Plaintiff's counsel acknowledging receipt of Plaintiff counsel's email and
   documents described in paragraph 5 above.

7. On December 30, 2019 at 9:04 p.m. Mountain time, Plaintiff's counsel emailed
   Mr. Kalish and Mr. Ridley copies of Plaintiff's filed versions of Plaintiff's
   Emergency Ex Parte Motion for Appointment of a Receiver, Brief in Support of
   Emergency Ex Parte Motion for Appointment of a Receiver, Mr. Richard B.
   Tabish's affidavit, Proposed Order for Appointment of a Receiver and Bitcoin
   protocol.

8. On December 31, 2019 at 3:21 p.m. Mountain time, Plaintiff's counsel emailed
   Mr. Kalish and Mr. Ridley a copy of this Court's Order, filed that same date,
   setting a hearing on Plaintiff's Emergency Ex Parte Motion for Appointment of
   a Receiver for January 8, 2020 at 1:30 before this Court.

9. On January 4, 2020, Mr. John Smith of the Smith and Stephens P.C. law firm in
   Missoula, Montana informed Plaintiff's counsel during a telephone call that Mr.
   Smith had been retained by defendant Geottsche to represent defendant
   Goettsche in connection with Plaintiff's Emergency Ex Parte Motion for
   Appointment of a Receiver.

10. On January 5, 2020 at 3:09 p.m. Mountain time, Mr. Smith emailed Plaintiff's
    counsel that Plaintiff's counsel could represent to this Court in this Certification
    that Mr. Smith is aware of the hearing set before this Court on June 8, 2020 and

that he is currently planning to attend the hearing as defendant Goettsche's

counsel. Mr. Smith also stated in the email that he was reserving all of

defendant Goettsche's rights and objections. Mr. Smith cautioned in the email

that he was not sure whether defendant Goettsche had actually seen the

pleadings in this case yet, so Mr. Smith was not suggesting that Mr. Goettsche

has had sufficient personal service of Plaintiff's Emergency Ex Parte Motion or

of the hearing set on Plaintiff's Emergency Ex Parte Motion set before this

court on January 8, 2020 at 1:30 p.m.. To date, Plaintiff's counsel has not

received the acknowledgment of service and waiver of service forms served on

defendant Goettsche's counsel on December 29, 2019.

11. Plaintiff's counsel and Mr. Smith have engaged in discussions to determine if

defendant Goettsche will be opposing Plaintiff's Emergency Ex Parte Motion

for Appointment of a Receiver. As of the signing of this Certification,

Plaintiff's counsel has not been advised whether Mr. Goettsche will oppose

Plaintiff's Ex Parte Emergency Motion for Appointment of a Receiver.

Wherefore, the undersigned Plaintiff's counsel respectfully certifies that

defendant Goettsche has been contacted through his counsel and given reasonable

notice of the hearing on Plaintiff's Emergency Ex Parte Motion for Appointment

of a Receiver set before this Court on January 8, 2020 at 1:30 p.m.

DATED this 6th day of January 2020.

KRIS A. MCLEAN LAW FIRM, PLLC

*Kris A. McLean*

Kris A. McLean

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following electronically by email:

John E. Smith
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
john@smithstephens.com

Josh Kalish
Odell, Girton Siegel, LLC
434 West 33rd Street, PH
New York, New York  10001
josh@ogslawllc.com

Patrick Ridley
303 16th Street, Suite 200
Denver, Colorado 80202
ridley@ridleylaw.com

DATED this 6th day of January 2020.

*Kris A. McLean*

Kris A. McLean