Kris A. McLean
Tyson A. McLean
KRIS A. MCLEAN LAW FIRM, PLLC
P.O. Box 1136
Phone: (406) 214-1965
Email: kris@krismcleanlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC, the sole member of CryptoWatt Mining, LLC<br><br>Plaintiff,<br><br>v.<br><br>Matthew Brent Goettsche, an individual and majority owner of CryptoWatt Investment Partners, LLC the sole member of CryptoWatt Mining, LLC<br><br>Defendant | Cause No.: CV-20-2-BU-BMM-KLD<br><br>**PROPOSED ORDER FOR APPOINTMENT OF RECEIVER** |

This matter came before the Court on January ____, 2020 upon Plaintiff's Emergency Motion for Appointment of Receiver pursuant to Fed. R. Civ. P. Rule 66 and federal law in equity. Good cause exists to protect the assets of CryptoWatt Investment Partners, LLC the sole member of CryptoWatt Mining, LLC (hereinafter collectively "CryptoWatt").

The Court has reviewed the Motion, other pleadings and taken evidence at hearing, and, accordingly the Court does hereby ORDER:

1

1. J. Richard Orizotti of the Poore, Roth and Robinson, PC law firm is appointed the Receiver of CryptoWatt and shall serve until further Order of this Court.

2. Oath: Within ten business days of the date of this Order Appointing Receiver, the Receiver shall file with this Court an Oath of Receiver accepting and agreeing to faithfully discharge his duties, any subsequent directives of this Court, and applicable law.

3. Duties of Receiver: The Receiver shall have the duties of Mont. Code Ann. 27-20-302:

    Powers of Receiver. The Receiver has, under the control of the Court, the power to:

    1) bring and defend actions in the receiver's own name, as receiver;
    2) take and keep possession of the property;
    3) receive rents, collect debts, and compound for and compromise the rents and debts;
    4) make transfers;
    5) to market and sell the property upon reasonable notice to the parties and Court if it is in the best interest of the above-named limited liability company; and
    6) generally do acts respecting the property as the court may authorize.

    The Receiver shall marshal, preserve, protect, maintain, manage and safeguard the Assets of CryptoWatt in a reasonable, prudent, diligent,

and efficient manner. Property in the custody of the Receiver or property to which the Receiver has the right to custody shall not be subject to execution or similar process. The Receiver shall be vested with the usual powers and duties of equity Receivers in like cases, and is hereby authorized and instructed to take possession of and control over the Assets; and, without limitation of any kind as to his general duties the Receiver shall have at least the following specific duties and responsibilities:

    a. Business Offices. The Receiver shall take possession of all Assets, bank accounts, including but not limited to accounts, offices and the contents of such offices where the business of CryptoWatt has been conducted.

    b. Revenues. Commencing immediately, the Receiver shall operate and manage the business of Cryptowatt and collect all receipts, revenues, deposits, receivables, notes and other funds generated by, from or due to CryptoWatt. To the extent Cryptowatt remains a going concern and is successfully mining Bitcoin, the Receiver is authorized to utilize a secure digital wallet or secure digital wallets and digital services as necessary to collect all Bitcoin mined by Cryptowatt and convert the Bitcoin to U.S. Dollars and transfer the U. S

Dollars to the bank accounts authorized by this Order[1].

c. All sums marshaled shall be deposited with a state or federally chartered financial institution. Defendant, Plaintiff, and members on behalf of CryptoWatt shall immediately turn over to the Receiver any monies belonging to or otherwise generated from consumers or CryptoWatt's clients in their possession. Defendant, Plaintiff, and members on behalf of CryptoWatt, shall refrain from any further collection of receipts or revenues generated by CryptoWatt from consumers or CryptoWatt's clients, except as the Receiver might direct. Any funds of CryptoWatt received by any party shall be forthwith delivered to the Receiver without further Order of this Court. The Receiver shall have the exclusive right to pursue, collect and control all monies belonging to or otherwise generated by CryptoWatt and shall have the exclusive right to make payments and disbursements from CryptoWatt's bank accounts, including rents, accounts payable, expenses, costs of merchandise or equipment, and payroll.

d. Insurance. The Receiver shall maintain appropriate insurance for CryptoWatt, its premises and/or its merchandise, if

---

[1] A detailed protocol that will govern the mining, conversion, and deposit of Bitcoin and the process for the Receiver to monitor, account for, control and protect the revenue is attached here to and made a part hereof this Order.

appropriate in the Receiver's sole discretion.

e. Bank Accounts. As the Receiver may deem necessary, and effective immediately upon entry of this Order, the Receiver shall establish and maintain, at a bank or banks whose deposits are federally insured, operating accounts for the Receivership into which the Receiver shall deposit all receipts or revenues from CryptoWatt. Amounts on deposit in all accounts, including but not limited to in a financial institution, brokerage account, and/or as a retainer previously paid, and/or in bank accounts of CryptoWatt, shall be transferred to the Receiver without further Order of this Court. All safety deposit boxes shall be transferred to the Receiver without further Order of this Court. The Receiver is authorized to disburse regularly and punctually (to the extent available), all amounts hereafter due and payable as reasonable, necessary and proper operating expenses of the Receivership, subject to the terms of this Order.

f. Expenses. The Receiver shall pay from the estate of CryptoWatt funds the expenses incurred by it in the conservation, protection, operation and management of the Assets.

g. Maintenance of Assets. The Receiver shall enter into any and

      all service contracts reasonably necessary to keep, maintain, operate, manage and protect the Assets.

h. Checks. The Receiver shall endorse all checks and drafts now or hereafter made payable to CryptoWatt concerning such accounts receivables, deposits, rents, income, profits, and revenues and deposit in CryptoWatt bank accounts established by the Receiver.

i. Mail. The Receiver shall open all electronic mail or hard copy mail in connection with the Assets or businesses of CryptoWatt.

j. Recovery and Liquidation of Assets. The Receiver shall collect and reduce to money the Assets either by suit, in any court of competent jurisdiction, or by public or private sale. The Receiver is specifically authorized and empowered to file suit against any person(s) or entity(s) to recover property of CryptoWatt including but not limited to, fraudulent conveyances and other claims and causes of actions of CryptoWatt.

k. Claims. The Receiver shall establish a procedure for creditors of CryptoWatt to file claims. The Receiver shall examine the validity and priority of all claims against CryptoWatt, which claims shall be formally determined by this Court. Provided

6

that the Receiver shall pay normal, ordinary operating expenses of the business without further order of the Court.

l. **Abandonment of Assets.** The Receiver may abandon Assets to duly perfected secured or lien creditors where, after due investigation and notice to parties in interest, he determines that CryptoWatt has no equity in such assets, or such assets are burdensome to the estate or are of inconsequential value and harmful to CryptoWatt.

m. **Supplemental Proceedings.** The Receiver is specifically authorized, empowered, and has standing to bring Supplemental Proceedings as follows:

   i. Any action to recover money or other assets of CryptoWatt.

   ii. Any action to determine the validity, priority, or extent of a lien or other interest in property or to subordinate or avoid an unperfected security interest;

   iii. Any action to pursue claims and/or causes of action on behalf of CryptoWatt and/or any creditor of CryptoWatt, including but not limited to negligence;

   iv. Any action to avoid any conveyance or transfer

    void or voidable by applicable law; and

  v. Any other action or actions as may be authorized or directed by further Order of this Court, including the marketing and sale for fair market value of the Property upon reasonable notice to the parties and the Court following hearing, if necessary.

A supplemental proceeding is an action of the type designated in paragraphs (i)(ii)(iii) and (iv) above and shall be brought as follows:

1) The Montana Rules of Civil Procedure shall apply to supplemental proceedings, except where inconsistent with the provisions of this order.

2) The Clerk of Court shall docket supplemental proceeding under this matter's case number, and a separate supplemental proceeding number, and shall assign such supplemental proceeding to this Court's division.

3) All pleadings and other papers filed in a supplemental proceeding shall contain a separate sub-caption and the supplemental proceeding number in addition to the caption and the case number applicable to the main case.

By this authorization and empowerment, this Court specifically determines that the Receiver is not prohibited and shall not be barred from bringing any supplemental proceeding due to the

      doctrine in *pari delicto*.

      n. Discovery. The Receiver is authorized to set depositions and demand production of documents on five (5) business days' notice. Any objections to documents requested by the Receiver may be stated at the deposition and reserved for hearing.

      o. General Powers. The Receiver shall exercise all other powers and rights necessary to manage, protect, operate and preserve the Assets and the business of CryptoWatt.

4. Cooperation: CryptoWatt and its officers, agents, partners, servants, employees, transferees and contractors including FX Solutions, Inc. shall cooperate fully with Receiver and comply with Receiver's requests for information, records and documentation so that Receiver may perform his duties with full information and knowledge. CryptoWatt and its officers, agents, partners, servants, employees and transferees shall not interfere with or hinder the operations of Receiver but shall maintain their legal rights with respect to this action, the Receiver and the Receivership.

5. Possession of Property: The Receiver shall immediately take possession and control of all of the assets in the possession or under the control of CryptoWatt whether such property is held by CryptoWatt directly, beneficially or otherwise. The term "assets" shall include Bitcoin, digital wallets, files, records, documents, monies, leases, mortgages, securities, investments, contracts, power

contracts, pool servers, effects, lands, agreements, judgments, bank accounts, books of accounts, rents, choses in action, goods, automobiles, chattels, rights, credits, claims both asserted and unasserted, pending court actions and appeals, files and documents in the possession of attorneys, accountants and contractors of CryptoWatt, and all other property, whether real, personal or mixed or previously belonging to CryptoWatt, or which, in the case of records, documents and other papers, pertain to property belonging now or previously to CryptoWatt, or obligations of CryptoWatt (hereafter defined as "Assets"). The receiver shall retain custody and control of all of the foregoing pursuant to the terms of this Order. The Receiver shall file an inventory of the property Assets within 60 days of the date of this Order.

      The parties, their attorneys and accountants, and all other persons, entities or corporations now or hereafter in possession of any of the foregoing Assets, records or documents, or any part thereof, or any other of the items intended by the Court to be entrusted to the Receiver, shall forthwith and without further Order of the Court surrender said items to the Receiver. The Receiver shall maintain custody of the records, computers, computer files and documents, which shall be available for inspection as this Court may direct. The Receiver is hereby authorized to employ agents, servants and employees, and to enter into contracts and take all actions as necessary for the purpose of taking possession of the Assets and carrying out the terms of the Receivership and the orders of the Court.

6. Turnover: all persons, corporations, or other entities now or hereafter in possession of the Assets, or any part thereof, including, but not limited to, power contracts, intangibles, bank accounts, operating statements, service agreements, management agreements, contracts, licenses, leases, and permits, revenues, and profits collected or derived from the Assets and all assets, papers, files, records, documents, monies, securities choses in action, books of account, bank accounts, rents, accounts receivables, leases, permits, licenses, down payments, marketing plans and materials, servicing agreements, management agreements, or any and all other contracts, or any other items entrusted to Receiver, shall forthwith and without further Order of this Court surrender such possession to the Receiver.

7. Outside Professionals: The Receiver is specifically empowered, in his discretion, to hire and employ legal counsel with prior approval by Plaintiff, accountants, investigators and consultants ("Outside Professionals"), including entities of which Receiver is a principal/shareholder, to furnish legal, accounting and other advice to the Receiver for such purposes as may be reasonable and necessary during the period of receivership. The Receiver is authorized to pay from the receivership estate's funds eighty (80%) of the ordinary and reasonable fees and one hundred (100%) of the costs of such Outside Professionals upon receipt of a bill from the Outside Professional. The remaining 20% of fees shall be withheld (the "holdback") pending final application to the Court for approval of all fees and expenses of such Outside

11

Professional, including the Holdback.

8. Receiver's Fees: The Receiver shall be entitled to payment of fees from CryptoWatt's estate's funds for his services at the rate of $22,500 per month, plus such other amounts as may be awarded by the Court after a hearing upon notice to the parties and all counsel of record.

9. Quarterly Report: The Receiver is directed to prepare a full and complete report, certified to be correct by the Receiver, setting forth all receipts and disbursements, cash flow, activities of CryptoWatt and reporting all changes in the Assets in his charge, or claims against the Assets, that have occurred during the period covered by the report. The Receiver shall include in the report the status of any taxes, lien claims or pending litigation. The report shall be filed by the twentieth day of the month following the reporting period. The Receiver shall serve notice of filing of the report on the attorneys of record for each of the parties herein and parties in interest. The notice of filing shall advise that the report is available upon request made to the Receiver. To the extent any portion of the report is deemed privileged, the Receiver is authorized to file his report and/or portions of his report under seal.

10. Additional Funds: The balance of any funds beyond the monies deemed necessary for his operating account received by the Receiver shall be placed in an interest-bearing bank or trust Account.

11. Receiver's Certificates: The Receiver is hereby authorized to obtain receiver's certificates as is reasonably required and/or necessary to carry out and fulfill the

Receiver's duties and obligations herein.

12. Notices: All written notices called for under this Order shall be effective upon hand deliver to counsel of record of the parties, sending of electronic mail to counsel of record of the parties, or twenty-four hours after delivery to a private expedited delivery service, or 48 hours after deposit into the mail, postage paid, addressed to counsel of records or the parties or to the parties.

13. Reserve Right for Additional Powers: The Receiver may, at any time upon prior notice to all parties to this action, apply to this Court for further or other instructions or powers, whenever such instructions or additional powers shall be deemed necessary in order to enable him to perform properly and legally the duties of the office of Receiver and to maintain, operate, preserve and protect the Receivership Estate.

14. Any and all Law Enforcement authorities, including but not limited to the Butte-Silver Bow County Sheriff's Office for said locations in Butte-Silver Bow County, are authorized to take any and all necessary steps to assist the Receiver in the securing of the assets, business offices, and contents of such business offices of CryptoWatt located at 200 Technology Way, Butte, Montana and any and all other locations of CryptoWatt.

15. Repatriation of Foreign Asset and Documents: IT IS FURTHER ORDERED that within twenty-one (21) days following service of this Order, each Plaintiff and Defendant shall:

    a. Provide the Receiver and the Office of the State of Montana Attorney

General with a full accounting of all funds, documents, and assets located outside the United States which are (1) titled in the name, alias, or fictitious "doing business as" name, individually or jointly, of CryptoWatt; or (2) held by any person or entity for the benefit of CryptoWatt; or (3) under the direct or indirect control of CryptoWatt;

b. Transfer within the State of Montana all funds, documents, and assets located outside of the United States which are (1) titled in the name, alias, or fictitious "doing business as" name, individually or jointly, of any CryptoWatt; or (2) held by any person or entity for the benefit of CryptoWatt; or (3) under the direct or indirect control, of CryptoWatt.

c. Hold and retain all repatriated funds, documents and assets, and prevent any transfer, disposition, or dissipation whatsoever of any funds or assets except as required by this Order; and

d. Provide the Receiver and the Office of the United States Attorney for the District of Montana access to all records of funds, documents, or assets of CryptoWatt held by financial institutions or other entities or individuals located outside the United States by signing any and all necessary forms to permit such access.

16. Interference with Repatriation: IT IS FURTHER ORDERED that CryptoWatt and the members on behalf of Cryptowatt are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of funds, documents, or assets held outside of the

14

United States, or in the hindrance of the repatriation required by the preceding paragraph of this Order, including, but not limited to:

    a. Sending any statement, letter, fax, electronic mail or wire transmission, telephoning, text messaging or engaging in any other act, directly or indirectly that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to the preceding paragraph of this Order, and

    b. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to the preceding paragraph of this Order.

17. In the event that the Receiver discovers that funds of persons who have invested in CryptoWatt have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds.

18. The United States Postal Service and the United Parcel Service are directed to provide any information requested by the Receiver regarding CryptoWatt and to handle future deliveries of the mail of CryptoWatt as directed by the Receiver.

19. Service of this Order shall be sufficient if made upon CryptoWatt and its principals by electronic mail or overnight courier.

20. Upon request by the Receiver, any company providing telephone services to CryptoWatt shall provide a reference of calls from any number presently assigned to CryptoWatt to any such number designated by the Receiver or perform any other changes necessary to conduct of the receivership.

      DONE and ORDERED on this \_\_\_\_ day of _____, 2020.

      UNITED STATES DISTRICT COURT

      _____