Kris A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com

*Attorney for Plaintiff Kevin Washington*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC sole member of CyproWatt Mining, LLC<br><br>Plaintiff,<br>v.<br><br>Matthew Brent Goettsche an individual and majority owner of CryptoWatt Investment Parnters, LLC sole member of CryptoWatt Mining, LLC<br><br>Defendant. | Cause No.: CV-20-2-BU-BMM-KLD<br><br>**BRIEF IN SUPPORT OF EMERGENCY MOTION TO APPOINT A RECEIVER** |

Federal law governs this Court's decision to appoint a receiver. *Canada Life Assur. Co. v. Lapeter,* 563 F.3d 837 (9th Cir. 2009). Under federal law, "appointing a receiver is an extraordinary equitable remedy, which should be applied with caution." *Canada Life Assur. Co. v. Lapeter,* 563 F.3d 837, 844 (9th Cir. 2009) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th

Cir. 1993) (internal quotations omitted). In determining whether to appoint a receiver, this Court should consider seven factors:

(1) Whether the party seeking the appointment has a valid claim;

(2) Whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant;

(3) Whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered;

(4) Whether legal remedies are inadequate;

(5) Whether the harm to plaintiff by denial of the appointment would outweigh the injury to the party opposing appointment;

(6) The plaintiff's probable success in the action and the possibility of irreparable injury to the plaintiff's interest in the property; and

(7) Whether the plaintiff's interests sought to be protected will in fact be well-served by receivership.

*Canada Life Assur. Co. v. Lapeter,* 563 F.3d at 844. (citations omitted).

This Court "has broad discretion in appointing a receiver" and "may consider a host of relevant factors." *Id.* at 845. "No one factor is dispositive." *Id.*

In this case, a Receiver must be appointed immediately to save 32 good paying jobs and prevent assets worth tens of millions of dollars from diminishing drastically in value in very short order. Mr. Richard B. Tabish is the President of FX Solutions, Inc., the company that contracts with CryptoWatt Mining, LLC to operate its Bitcoin mining facility at Butte, Montana. The affidavit of Mr. Tabish (attached hereto as Exhibit 1) describes the critical business issues facing CryptoWatt Mining, LLC. As Mr. Tabish explains in his affidavit:

1.  Mr. Matthew Goettsche is presently solely authorized to and responsible for conducting the financial transactions in Bitcoin and regular currency that funds the operation of CryptoWatt Mining, LLC's Butte facility.

2.  Mr. Goettsche is presently incarcerated by federal authorities pending trial on the Indictment attached to Mr. Washington's Complaint in this matter.

3.  Mr. Goettsche's unavailability to conduct financial transaction has caused all funding of CryptoWatt Mining, LLC's operations at its Butte facility to cease, resulting in all CryptoWatt Mining, LLC's employees being laid off from their employment. In addition, Mr. Goettsche's unavailability to conduct financial transactions has resulted in approximately $84,000 in checks to FX Solutions, Inc. to be returned for insufficient funds. These payments from CryptoWatt Mining, LLC to FX Solutions, Inc. were largely designated for the payroll of the 32 employees of FX Solutions, Inc. that

work at CryptoWatt Mining, LLC's Butte facility. Mr. Goettsche's unavailability and failure to pay FX Solutions, Inc. for its services has put the jobs of the 32 employees of FX Solutions, Inc. that work at CryptoWatt Mining, LLC's Butte facility in jeopardy.

4.   The production of Bitcoin at CryptoWatt Mining LLC's Butte facility requires a contract for electric power to run its Bitcoin mining machines.

5.   Mr. Goettsche's unavailability to conduct financial transactions has caused CryptoWatt Mining LLC's electric power contract with Northwestern Energy to go into arrears, threatening the continued availability of electric power. Without electrical power for producing Bitcoin at CryptoWatt Mining LLC's Butte facility, the facility must be shut down, no Bitcoin will be produced and 32 employees of FX Solutions, Inc. will lose their jobs.

6.   With an electric power contract in place, CryptoWatt Mining LLC's Butte facility is a very valuable asset, likely worth more than $40 milllion. Without an electric power contact in place, the value of CryptoWatt Mining LLC's Butte facility diminishes quickly and drastically. Moreover, every day that CryptoWatt Mining LLC's Butte facility is not operating and producing Bitcoin costs the owners of CryptoWatt Mining LLC approximately 12 Bitcoin-a substantial amount of money depending on the value of Bitcoin on any given day (for example, today the owners of

CryptoWatt Mining, LLC lost approximately $87,600 in revenue by not being in operation and producing Bitcoin).

Plaintiff Kevin Washington, as the minority owner of CryptoWatt Investment Partners, LLC and CryptoWatt Mining, LLC, is a party with a valid claim qualifying him to apply to this Court to appoint a Receiver. The allegations in Mr. Washington's Complaint in this case and the allegations in the federal Indictment pending against Mr. Goettsche establish there has been "fraudulent conduct or the probability of fraudulent conduct" by the defendant. Mr. Tabish's affidavit clearly establishes that the assets of CryptoWatt Investment Partners, LLC and CryptoWatt Mining, LLC are "in imminent danger of being lost, concealed, injured, diminished in value or squandered." These two factors, in conjunction with the other factors, sort forth above, establish that Plaintiff Kevin Washington has met his burden to show the necessity of appointing a Receiver of the assets of CryptoWatt Investment Partners,LLC and CryptoWatt Mining, LLC and respectfully requests this Court do so as its earliest convenience.

DATED this 8th day of January, 2020.

KRIS A. MCLEAN LAW FIRM, PLLC

*/s/Kris A. McLean*
Kris A. McLean
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 8th day of January 2020, the foregoing document was served on the following individuals by ECF filing:


John E. Smith
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
john@smithstephens.com

Nick K. Brooke
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
nick@smithstephens.com


          /s/ Kris A. McLean
          Kris A. McLean
          Kris A. McLean Law Firm, PLLC
          Attorney for Plaintiff