JOHN E. SMITH
NICK K. BROOKE
SMITH & STEPHENS, P.C.
315 West Pine Street
Missoula, Montana 59802
Phone: (406) 721-0300
Fax: (406) 721-5370
john@smithstephens.com
nick@smithstephens.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>Defendant. | **Cause No. CV-20-2-BU-BMM-KLD**<br><br><br>**BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

Defendant Matthew Brent Goettsche ("Goettsche"), through his undersigned counsel, respectfully submits the following brief in support of his motion to compel arbitration pursuant to Federal Rule of Civil Procedure 12(b)(3), Section 3 of the Federal Arbitration Act ("FAA") (9 U.S.C. § 3), and in accordance with the parties binding, written agreement.  The defendant respectfully submits that this motion should be decided before any other pending motions and therefore, submits

it in advance of the emergency hearing scheduled for January 10, 2020.

## INTRODUCTION

The parties, owners of CryptoWatt Investment Partners, LLC ("CryptoWatt"), signed a written Limited Liability Company Operating Agreement ("Operating Agreement") that includes an unambiguous arbitration clause.  See Ex. A (Operating Agreement) § 11.02.  The plaintiff violated that agreement when he improperly filed this litigation first in state court. The plaintiff now files an emergency motion to appoint a receiver in this Court in an attempt to circumvent the arbitration clause. The plaintiff's end-run around the Operating Agreement should be denied, and the Court should issue an Order compelling arbitration.

## STATEMENT OF THE CASE AND FACTS

Goettsche is the majority owner of CryptoWatt, which is a limited liability company organized under Delaware law and registered to do business in the State of Montana.  The plaintiff, Kevin Washington, is the minority owner of CryptoWatt. Through its subsidiary, CryptoWatt owns a Bitcoin mining facility in Butte, Montana.

### *Procedural History*

On December 26, 2019, the plaintiff commenced an action against Goettsche in the Montana Second Judicial District Court, Butte-Silver Bow County, entitled

*Kevin Washington an individual and minority owner of CryptoWatt Investment*

*Partners, LLC the sole member of Cryptowatt Mining, LLC., Plaintiff, v. Matthew*

*Brent Goettsche, an individual and majority owner of CryptoWatt Investment*

*Partners, LLC the sole member of Cryptowatt Mining, LLC. Defendant,* Cause

Number DV-19-435.  The plaintiff asserts two claims: 1) that Goettsche breached

his fiduciary duty to the plaintiff as "the minority owner of CryptoWatt" and 2)

actual and constructive fraud related to CryptoWatt's Bitcoin mining facility.  A

copy of the complaint is attached as Exhibit B.

On December 30, 2019, the plaintiff filed an Ex Parte Emergency Motion to

Appoint a Receiver and Request for a Hearing in Montana state court.  A copy of

the Emergency Motion is attached hereto as Exhibit C.

On January 7, 2020, prior to receiving a ruling on the Emergency Motion

from the State Court, Goettsche removed the action to this Court.  Doc. 1.

Goettsche properly effectuated the removal by filing a Notice of Removal in this

Court and in the Montana Second Judicial District Court, Butte-Silver Bow

County.  On the same day, counsel for Goettsche effectuated service on the

plaintiff's counsel via e-mail , thereby fulfilling the procedural requirements for

removal.

### The Operating Agreement

On or about October 1, 2018, Goettsche, the plaintiff, and two others signed

Cryptowatt's Operating Agreement.  *See* Ex. A at 1, 22.   The Operating

Agreement formed CryptoWatt and set forth its operating terms, the relationship

among the parties, financial terms, and importantly, the law governing the

agreement.  Id.  The plaintiff signed and executed the Operating Agreement as a

"Member" of CryptoWatt and Goettsche signed as "Managing Member."  Id.

Section 11.02 of the Operating Agreement, titled "Arbitration," says in

relevant part:

> Any unresolved controversy or claim arising out of or
> relating to this Agreement, except as (i) otherwise
> provided in this Agreement, or (ii) any such controversies
> or claims arising out of either party's intellectual
> property rights for which a provisional remedy or
> equitable relief is sought, shall be submitted to arbitration
> by one arbitrator mutually agreed upon by the parties...
> The arbitration shall take place in Denver, Colorado,
> USA, in accordance with the AAA rules then in effect,
> and judgment upon any award rendered in such
> arbitration will be binding and may be entered in any
> court having jurisdiction thereof… Each of the parties to
> this Agreement consents to personal jurisdiction in the
> U.S. District Court for the District of Colorado or any
> court of the State of Colorado having subject matter
> jurisdiction for any matter for which arbitration pursuant
> to this subsection is not the exclusive remedy, or to
> enforce an arbitral award hereunder.

The Operating Agreement also specifies that it is governed by the law of Delaware

and can only be amended with Goettsche's approval. Ex. A §§ 11.01, 12.03.  The

Operating Agreement has been previously amended, but the amendment did not

change the terms of the arbitration provision.

## ARGUMENT

**I. Arbitration is required because the Operating Agreement contains a valid, unambiguous arbitration clause that governs the plaintiff's claims.**

The Federal Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding district court erred in failing to grant motion to compel arbitration of state claims); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) ("[C]ourts must 'rigorously enforce' arbitration agreements according to their terms." (citing *Dean Witter Reynolds,* 470 U.S. at 221)).  When a party petitions a court to compel arbitration under the FAA, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement."  *Tillman v. Tillman*, 825 F.3d 1069, 1073 (9th Cir. 2016) (quoting *Lifescan, Inc. v. Premier Diabetic Servs.,*

*Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)).

The Operating Agreement contains a valid arbitration clause that governs the plaintiff's claims.  By its terms, the Operating Agreement requires the parties to arbitrate "any unresolved controversy or claim arising out of or relating to this Agreement."  Ex. A, § 11.02.  The provision is unambiguously broad: any claims arising out of the Operating Agreement, or relating to the Agreement, must be arbitrated.  The plaintiff's claims, which include allegations related to the relationship between the parties and the mining facility owned by CryptoWatt, are clearly encompassed by the arbitration clause.  *See Elk Mountain Motor Sports v. Arctic Cat Sales, Inc.,* No. CV 13-7-H-CCL, 2013 WL 5492960, at *3 (D. Mont. Oct. 1, 2013) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24–25 (1983)).

The Ninth Circuit routinely enforces broad, unambiguous arbitration provisions similar to the one in CryptoWatt's Operating Agreement.  *See, e.g.*, C*hiron Corp. v. Ortho Diagnostic Sys*., 207 F.3d 1126, 1134 (9th Cir. 2000); *Quackenbush v. Allstate Ins. Co*., 121 F.3d 1372, 1382 (9th Cir. 1997) (affirming enforcement of "broad arbitration clauses that call for arbitration of *any* dispute related to any transaction") (emphasis in original); *Peters v. Amazon Servs., LLC*, 669 F. App'x 487, 488 (9th Cir. 2016) (affirming district court's order compelling

arbitration where agreement required arbitration of "[a]ny dispute ... or claim relating in any way" to the agreement).

Because the Operating Agreement is unambiguous and enforceable against the plaintiff, that is all that is necessary to compel the plaintiff to arbitrate his claims.

**II. This Court should not reach the plaintiff's Emergency Motion for Receivership.**

The Federal Arbitration Act requires a stay of any civil action while arbitration is pending:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Because the plaintiff's claims are subject to mandatory arbitration, the Court should rule on this motion before it adjudicates the plaintiff's pending motion to appoint a receiver. *See Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013); *see also Shearson/Am. Exp., Inc. v. McMahon,* 482 U.S. 220, 226 (1987); *Dean Witter Reynolds,* 470 U.S. at 217 ("The Act has been interpreted to require that if a dispute presents multiple claims, some arbitrable and some not,

the former must be sent to arbitration even if this will lead to piecemeal litigation.").

Since both of the plaintiff's claims are subject to mandatory arbitration, Goettsche respectfully requests that this Court immediately dismiss or stay this litigation in favor of arbitration.

## CONCLUSION

For the reasons set forth above, this Court should grant this motion to compel before considering the plaintiff's motion to appoint a receiver, and dismiss or stay the action in favor of arbitration.

RESPECTFULLY SUBMITTED this 9th day of January, 2020.


                                        /s/ John E. Smith
                                        SMITH & STEPHENS, P.C.
                                        Attorney for Defendant


                                        /s/ Nick K. Brooke
                                        SMITH & STEPHENS, P.C.
                                        Attorney for Defendant



## CERTIFICATE OF COMPLIANCE

I hereby certify that the attached brief in support does not exceed 6500 words, and the approximate word count is 1750 words, according to the word count of my word-processing system used to prepare the brief.

*/s/Nick K. Brooke*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January, 2020, a copy of the foregoing

document was served on the following persons by the following means:

1,2    CM-ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1.  CLERK, UNITED STATES DISTRICT COURT

2.  Kris McLean, Tyson McLean


*/s/ Nick K. Brooke*
Nick K. Brooke
SMITH & STEPHENS, P.C.
Attorney for Defendant