Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com

*Attorneys for Plaintiff Kevin Washington*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC sole member of CyproWatt Mining, LLC<br><br>Plaintiff,<br>v.<br><br>Matthew Brent Goettsche an individual and majority owner of CryptoWatt Investment Parnters, LLC sole member of CryptoWatt Mining, LLC<br><br>Defendant. | Cause No.: CV-20-2-BU-BMM-KLD<br><br>**BRIEF IN OPPOSITION TO DEENDANT'S MOTION TO ARBITRATE** |

The appointment of a receiver as requested by plaintiff Washington would allow CryptoWatt's Bitcoin mining facility to maintain its tremendous value to the City of Butte, its 32 employees and both parties to this action while the allegations in Mr. Washington's complaint are litigated in the normal course. But defendant

Goettsche is pulling out all stops to prevent plaintiff Washington's motion from even being heard by a Court. Any further delay in the appointment of a receiver as requested by plaintiff Washington will destroy most of the value of Cryptowatt's Bitcoin mining facility forever and certainly cost 32 Butte workers their jobs. For the reasons argued below, this Court should deny defendant Goettsche's Motion to Arbitrate.

## ARGUMENT

I. **The Operating Agreement Authorizes the Appointment of a Receiver.**

The Operating Agreement of CryptoWatt Investment Partners, LLC contains an explicit "*Equitable Remedies*" section that states,

> Each of the parties hereto acknowledges and agrees that the rights acquired by each party hereunder are unique and *that irreparable damages would occur* in the event that any of the provisions of this Agreement to be performed by the other parties *were not performed in accordance with their specific terms or were otherwise breached*. Accordingly, in addition to any other *remedy to which the parties hereto are entitled at law or in equity*, each party hereto shall be entitled to an injunction or injunctions to prevent breaches of this Agreement by any other party and to *enforce specifically the terms and provisions hereof* in any <u>federal</u> or state <u>court</u> to which the parties have agreed hereunder to submit to jurisdiction.

Section 12.10 Equitable Remedies (emphasis added).
Under federal law, "appointing a receiver is an extraordinary *equitable remedy*, …" *Canada Life Assur. Co. v. Lapeter,* 563 F.3d 837, 844 (9th Cir. 2009) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir. 1993)

(emphasis added)(internal quotations omitted). Clearly, this Court can appoint a receiver pursuant to federal law and the terms of the Operating Agreement. The language is unequivocal and unambiguous that empowers either party to seek this type of remedy in federal court. The Plaintiff seeks to enforce this provision so that he can avoid irreparable harm and to save Butte jobs.

Plaintiff Washington's emergency motion for an appointment of a receiver is not captured by the arbitration clause. The arbitration clause states, in pertinent part, "Any unresolved controversy or claim arising out of or relating to this Agreement, *except as (i) otherwise provided in this Agreement…*shall be submitted to arbitration…" Section 11.02. Operating Agreement. Section 12.10 provides an unambiguous and powerful exception to those claims that are contemplated by the arbitration clause. Plaintiff Washington seeks the appointment of a receiver, an "*equitable remedy,*" that falls outside of the arbitration clause and firmly within Section 12.10 that allows this action to take place in this Court. *Canada Life Assur. Co. v. Lapeter,* 563 F.3d 837.

**II.     The Appointment of a Receiver is not an unresolved controversy or claim arising out of or relating to the Operating Agreement.**

Plaintiff Washington's motion to appoint a receiver seeks equitable relief, pursuant to the operating agreement and federal law that only this Court has the authority to provide. Contrary to defendant Goettsche's position, the appointment of a receiver is not one of plaintiff Washington's claims in his complaint and his

motion to appoint a receiver does not fall within the arbitration clause. Defendant Goettsche provides no authority for his assertion that this Court cannot appoint a receiver as requested by plaintiff Washington in this action. The Supreme Court of the United States described the equitable relief of a receiver when it stated, "[t]he appointment of a receiver is merely an ancillary and incidental remedy. A receivership is not final relief. The appointment determines no substantive right, nor is it a step in the determination of such a right. *It is a means of preserving property* which may ultimately be applied toward the satisfaction of substantive rights." *Pusey Jones Co v. Hanssen*, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763 (1923)(emphasis added)("appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action." *Canada Life Assur. Co. v. Lapeter*, 563 F.3d at 843 (quotations omitted).

## CONCLUSION

Plaintiff Washington's Motion for Appointment of a Receiver requests "an ancillary and incidental remedy that determines no substantive right." It is brought to preserve the very substantial value of Cryptowatt's Butte Bitcoin mining facility. Cryptowatt Investment Partners, LLC's operating agreement cannot and does not require that it be submitted to an arbitrator rather than this Court. This Court deny defendant Goettsche's Motion to Arbitrate.

DATED this 10th day of January, 2020.

                                            KRIS A. MCLEAN LAW FIRM, PLLC

                                            /s/Kris A. McLean
                                            Kris A. McLean
                                            Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January 2020, the foregoing document was served on the following individuals by ECF filing:

John E. Smith
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
john@smithstephens.com

Nick K. Brooke
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
nick@smithstephens.com

                                            /s/ Kris A. McLean
                                            Kris A. McLean
                                            Kris A. McLean Law Firm, PLLC
                                            Attorney for Plaintiff
                                            Kevin Washington