IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KEVIN WASHINGTON, an individual and minority owner of CryptoWatt Investment Partners, LLC, the sole member of CryptoWatt Mining, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW BRENT GOETTSCHE, an individual and majority owner of CryptoWatt Investment Partners, LLC, the sole member of CryptoWatt Mining, LLC,<br><br>Defendant. | CV 20-2-BU-BMM-KLD<br><br>ORDER |

This matter came before the Court on January 10, 2020 upon Plaintiff Kevin Washington's Emergency Motion for Appointment of Receiver under Federal Rule of Civil Procedure 66 and federal law in equity. The parties submitted their own versions of a proposed order. The parties disagreed over the specific scope of powers that the Receiver should have. When necessary, the Court will reconsider the scope of the Receiver's power upon motion of the parties. Good cause exists to protect the assets of CryptoWatt Investment Partners, LLC ("CWIP") the sole member of CryptoWatt Mining, LLC (collectively with CWIP, "CryptoWatt").

The Court has reviewed the Motion, other pleadings and taken evidence at

hearing, and, accordingly **ORDERS**:

1. Jeremiah C. Lynch, retired Federal Magistrate Judge for the District of Montana,                                              , is appointed the Receiver of CryptoWatt and shall serve until further Order of this Court. Plaintiff and/or Defendant may file a motion with this Court to terminate the receivership of CryptoWatt.

2. Oath: Within ten business days of the date of this Order Appointing Receiver, the Receiver shall file with this Court an Oath of Receiver accepting and agreeing to faithfully discharge his duties, any subsequent directives of this Court, and applicable law.

3. Duties of Receiver: The Receiver shall have, under the control of the Court, the following powers and responsibilities:

    Powers of Receiver. The Receiver has, under the control of the Court, the exclusive power to:

    a) bring and defend actions in the Receiver's own name, as Receiver;

    b) take and keep possession of any and all bank accounts in the name of CWIP and/or CryptoWatt (each individual a "Company Account" and collectively, the "Company Accounts"). The Receiver shall also have signing authority for any and all Company Accounts;

    c) take and keep possession all other assets in the possession or under the control of CWIP and/or CryptoWatt whether such property is held by CWIP and/or CryptoWatt directly, beneficially or otherwise. The term "assets" shall include Bitcoin, digital wallets,

files, records, documents, monies, leases, mortgages, securities, investments, contracts, power contracts, pool servers, effects, lands, agreements, judgments, bank accounts, books of accounts, rents, choses in action, goods, automobiles, chattels, rights, credits, claims both asserted and unasserted, pending court actions and appeals, files and documents in the possession of attorneys, accountants and contractors of CryptoWatt, and all other property, whether real, personal or mixed or previously belonging to CryptoWatt, or which, in the case of records, documents and other papers, pertain to property belonging now or previously to CryptoWatt, or obligations of CryptoWatt (hereafter defined as "Assets"). The Receiver shall retain custody and control of all of the foregoing pursuant to the terms of this Order. The Receiver shall file an inventory of the property Assets within 60 days of the date of this Order.

d) operate and manage the business of CryptoWatt and collect all receipts, revenues, deposits, receivables, notes and other funds generated by, from or due to CryptoWatt, including any amounts currently owed or which may become due and payable to CryptoWatt and/or CWIP in the future, including without limitation, that certain tax credit currently owed to CryptoWatt by the Montana Department of Revenue in the amount of $500,000 in a Company Account;

e) negotiate and enter into a loan agreement between CWIP and Kevin Washington under which Mr. Washington will agree to provide funding sufficient to finance CryptoWatt's operations for a period of at least three (3) months under terms and conditions approved by this Court upon motion by the Receiver, and hold such funds in a Company Account;

f) pay any current or past due wages to employees of CryptoWatt for services actually rendered in accordance with the terms of any applicable employment documentation;

g) maintain appropriate insurance for CryptoWatt, its premises and/or its merchandise, if appropriate in the Receiver's sole discretion;

h) remit payment for services actually provided by vendors of

CryptoWatt and/or rendered by contractors of CrpotWatt and required to be paid in accordance with the terms of any such vendor and/or contractor's agreement(s) with CryptoWatt;

i) with the advice and support of FX Solutions, Inc., negotiate and enter into any contracts with unaffiliated third parties of CWIP and CryptoWatt that are necessary for the continued operations of CryptoWatt in the ordinary course pursuant to terms and conditions that are in the best interest of CryptoWatt;

j) utilize a secure digital wallet or secure digital wallets and digital services as necessary to collect and safeguard all Bitcoin mined by CryptoWatt, to the extent CryptoWatt remains a going concern and is successfully mining Bitcoin, and, if in the best interest of CryptoWatt, convert any such Bitcoin to U.S. Dollars and transfer the U. S. Dollars to the Company Accounts[1]; except for the payment of expenses approved in accordance with this Order, the Receiver will not transfer any such Bitcoin (or dollar proceeds) except upon further order of this Court;

k) operate CryptoWatt in accordance with any and all confidentiality obligations applicable to Plaintiff and/or Defendant pursuant to any and all operating agreements in effect in respect of CryptoWatt;

l) establish and maintain, at a bank or banks whose deposits are federally insured, operating accounts for the Receivership into which the Receiver shall deposit all receipts or revenues from CryptoWatt. Amounts on deposit in all Company Accounts, including but not limited to in a financial institution, brokerage account, and/or as a retainer previously paid, and/or in bank accounts of CryptoWatt, shall be transferred to the Receiver without further Order of this Court. The Receiver is authorized to.

m) generally do acts respecting the property as each of the parties and the court may authorize in writing;

---

[1] A detailed protocol that will govern the mining, conversion, and deposit of Bitcoin and the process for the Receiver to monitor, account for, control and protect the revenue is attached hereto and made a part hereof this Order.

4. Defendant, Plaintiff, and members on behalf of CryptoWatt, shall refrain from any further collection of receipts or revenues generated by CryptoWatt from consumers or CryptoWatt's clients, except as the Receiver might direct. Defendant, Plaintiff, and members on behalf of CryptoWatt shall immediately turn over to the Receiver any monies belonging to or otherwise generated from consumers or CryptoWatt's clients in their possession. All safey deposit boxes shall be transferred to the Receiver without further Order of this Court. Any funds of CryptoWatt received by any party shall be forthwith delivered to the Receiver without further Order of this Court.

5. Without limitation of any kind as to his general duties set forth above, the Receiver shall have at least the following specific duties and responsibilities:

   a. Maintenance of Assets. The Receiver shall enter into any and all service contracts reasonably necessary to keep, maintain, operate, manage and protect the Assets of CryptoWatt.

   b. Checks. The Receiver shall endorse all checks and drafts now or hereafter made payable to CryptoWatt concerning such accounts receivables, deposits, rents, income, profits, and revenues and deposit in Company Accounts or accounts established by the Receiver.

   c. Mail. The Receiver shall open all electronic mail or hard copy mail

in connection with the Assets or businesses of CryptoWatt.

6. Cooperation: CryptoWatt and its officers, agents, partners, servants, employees, transferees and contractors including FX Solutions, Inc. shall cooperate fully with reasonable requests by Receiver and comply with Receiver's requests for information, records and documentation so that Receiver may perform his duties with full information and knowledge. CryptoWatt and its officers, agents, partners, servants, employees and transferees shall not interfere with or hinder the operations of Receiver but shall maintain their legal rights with respect to this action, the Receiver and the Receivership, including without limitation, the rights of the Members of CWIP set forth in the Limited Liability Company Operating Agreement of CWIP dates as of October 1, 2018, as updated as of August 24, 2019 with respect to Schedule A only and as amended by Amendment No. 1 dated as of October 25, 2019 (collectively, the "Operating Agreement").

7. Possession of Property: The Receiver shall immediately take possession and control of all of the assets in the possession or under the control of CryptoWatt whether such property is held by CryptoWatt directly, beneficially or otherwise. The term "assets" shall include Bitcoin, digital wallets, files, records, documents, monies, leases, mortgages, securities, investments, contracts, power contracts, pool servers, effects, lands,

agreements, judgments, bank accounts, books of accounts, rents, choses in action, goods, automobiles, chattels, rights, credits, claims both asserted and unasserted, pending court actions and appeals, files and documents in the possession of attorneys, accountants and contractors of CryptoWatt, and all other property, whether real, personal or mixed or previously belonging to CryptoWatt, or which, in the case of records, documents and other papers, pertain to property belonging now or previously to CryptoWatt, or obligations of CryptoWatt (hereafter defined as "Assets"). The receiver shall retain custody and control of all of the foregoing pursuant to the terms of this Order. The Receiver shall file an inventory of the property Assets within 60 days of the date of this Order.

The parties, their attorneys and accountants, and all other persons, entities or corporations now or hereafter in possession of any of the foregoing Assets, records or documents, or any part thereof, or any other of the items intended by the Court to be entrusted to the Receiver, shall forthwith and without further Order of the Court surrender said items to the Receiver. The Receiver shall maintain custody of the records, computers, computer files and documents, which shall be available for inspection as this Court may direct. The Receiver is hereby authorized to employ agents, servants and employees, and to enter into contracts and take all actions as

necessary for the purpose of taking possession of the Assets and carrying out the terms of the Receivership and the orders of the Court.

8. Turnover: all persons, corporations, or other entities now or hereafter in possession of the Assets, or any part thereof, including, but not limited to, power contracts, intangibles, bank accounts, operating statements, service agreements, management agreements, contracts, licenses, leases, and permits, revenues, and profits collected or derived from the Assets and all assets, papers, files, records, documents, monies, securities choses inaction, books of account, bank accounts, rents, accounts receivables, leases, permits, licenses, down payments, marketing plans and materials, servicing agreements, management agreements, or any and all other contracts, or any other items entrusted to Receiver, shall forthwith and without further Order of this Court surrender such possession to the Receiver.

9. Outside Professionals: The Receiver is specifically empowered, in his discretion, to hire and employ, in each case, with prior approval by Plaintiff and Defendant, legal counsel, accountants, investigators and consultants ("Outside Professionals"), including entities of which Receiver is a principal/shareholder (provided that such interest has been disclosed in writing), to furnish legal, accounting and other advice to the Receiver for such purposes as may be reasonable and necessary during the period of

receivership. The Receiver is authorized to pay from the receivership estate's funds eighty (80%) of the ordinary and reasonable fees and one hundred (100%) of the costs of such Outside Professionals upon receipt of a bill from the Outside Professional. The remaining 20% of fees shall be withheld (the "holdback") pending final application to the Court for approval of all fees and expenses of such Outside Professional, including the Holdback.

10. Receiver's Fees: The Receiver shall be entitled to payment of fees from CryptoWatt's estate's funds for his services at the rate of $22,500 per month, plus such other amounts as may be awarded by the Court after a hearing upon notice to the parties and all counsel of record.

11. Quarterly Report; Information Rights: The Receiver is directed to prepare a full and complete report, certified to be correct by the Receiver, setting forth all receipts and disbursements, cash flow, activities of CryptoWatt and reporting all changes in the Assets of CWIP and CryptoWatt, or claims against the Assets, that have occurred during the period covered by the report. The Receiver shall include in the report the status of any taxes, lien claims or pending litigation. The report shall be filed by the twentieth day of the month following the reporting period. The Receiver shall serve notice of filing of the report on the attorneys of record for each of the parties herein

and parties in interest. The notice of filing shall advise that the report is available upon request made to the Receiver. To the extent any portion of the report is deemed privileged, the Receiver is authorized to file his report and/or portions of his report under seal. Without limiting the foregoing, Receiver shall provide prompt access to information relating to CWIP and/or Cryptowatt requested by any of the parties hereto or their affiliates, agents, attorneys or representatives to the extent that such requesting party is otherwise entitled to access to such requested information pursuant to the terms of the Operating Agreement.

12. Additional Funds: The balance of any funds beyond the monies deemed necessary for his operating account received by the Receiver shall be placed in an interest-bearing bank or trust Account.

13. Receiver's Certificates: The Receiver is hereby authorized to obtain receiver's certificates as is reasonably required and/or necessary to carry out and fulfill the Receiver's duties and obligations herein.

14. Notices: All written notices called for under this Order shall be effective upon hand deliver to counsel of record of the parties, sending of electronic mail to counsel of record of the parties, or twenty-four hours after delivery to a private expedited delivery service, or 48 hours after deposit into the mail, postage paid, addressed to counsel of records.

15. Reserve Right for Additional Powers: The Receiver may, at any time upon prior notice to all parties to this action, apply to this Court for further or other instructions or powers, whenever such instructions or additional powers shall be deemed necessary in order to enable him to perform properly and legally the duties of the office of Receiver and to maintain, operate, preserve and protect the Receivership Estate.

16. Any and all Law Enforcement authorities, including but not limited to the Butte-Silver Bow County Sheriff's Office for said locations in Butte-Silver Bow County, are authorized to take any and all necessary steps to assist the Receiver in the securing of the assets, business offices, and contents of such business offices of CryptoWatt located at 200 Technology Way, Butte, Montana and any and all other locations of CryptoWatt.

17. Repatriation of Foreign Asset and Documents: **IT IS FURTHER ORDERED** that within twenty-one (21) days following service of this Order, each Plaintiff and Defendant shall:

    a. Provide the Receiver with a full accounting of all funds, documents, and assets located outside the United States which are (1) titled in the name, alias, or fictitious "doing business as" name, individually or jointly, of CryptoWatt; or (2) held by any person or entity for the benefit of CryptoWatt; or (3) under the direct or indirect control of

        CryptoWatt;

   c.   Hold and retain all repatriated funds, documents and assets, and prevent any transfer, disposition, or dissipation whatsoever of any funds or assets except as required by this Order; and

   d.   Provide the Receiver access to all records of funds, documents, or assets of CryptoWatt held by financial institutions or other entities or individuals located outside the United States by signing any and all necessary forms to permit such access.

The Receiver may file a request with this Court asking the Court to require the Plaintiff or Defendant to transfer within the State of Montana all funds, documents, and assets located outside of the United States which are (1) titled in the name, alias, or fictitious "doing business as" name, individually or jointly, of any CryptoWatt; or (2) held by any person or entity for the benefit of CryptoWatt; or (3) under the direct or indirect control, of CryptoWatt.

18.   Interference with Repatriation: **IT IS FURTHER ORDERED** that CryptoWatt and the members on behalf of Cryptowatt are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of funds, documents, or assets held outside of the United States, or in the hindrance of the repatriation required

by the preceding paragraph of this Order, including, but not limited to:

    a. Sending any statement, letter, fax, electronic mail or wire transmission, telephoning, text messaging or engaging in any other act, directly or indirectly that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to the preceding paragraph of this Order, and

    b. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to the preceding paragraph of this Order.

19. In the event that the Receiver discovers that funds of persons who have invested in CryptoWatt have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds.

20. The United States Postal Service and the United Parcel Service are directed to provide any information requested by the Receiver regarding CryptoWatt

and to handle future deliveries of the mail of CryptoWatt as directed by the Receiver.

21. Service of this Order shall be sufficient if made upon CryptoWatt and its principals by electronic mail or overnight courier.

22. Upon request by the Receiver, any company providing telephone services to CryptoWatt shall provide a reference of calls from any number presently assigned to CryptoWatt to any such number designated by the Receiver or perform any other changes necessary to conduct of the receivership.

23. Neither this Order nor any provision herein shall be construed or contended by Plaintiff, Defendant or any third party to be an admission of fact or evidence of any wrongdoing or liability on the part of any party, their representatives, heirs, executors, attorneys, agents, partners, officers, shareholders, directors, employees, subsidiaries, affiliates, successors or assigns.

DATED this 13th day of January, 2020.

_____
Brian Morris
United States District Court Judge