Kris A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com

*Attorney for Plaintiff Kevin Washington*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC sole member of CyproWatt Mining, LLC<br><br>Plaintiff,<br>v.<br><br>Matthew Brent Goettsche an individual and majority owner of CryptoWatt Investment Parnters, LLC sole member of CryptoWatt Mining, LLC<br><br>Defendant. | Cause No.: CV-20-2-BU-BMM-KLD<br><br>**PLAINTIFF'S RESPONE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS AND REQUEST FOR HEARING** |

COMES NOW Plaintiff, by and through his attorney of record, Kris A. McLean, and responds to Defendant's Opposed Motion to Stay Proceedings and his Brief in Support. The *Keating* factors weigh against a stay. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1994). Therefore, the Court should deny Defendant's Motion to Stay Proceedings.

## Introduction

The Defendant was indicted by a federal grand jury on December 5, 2019. This civil case was filed on December 26, 2019. Prior to filing this Motion to Stay Proceedings, the defendant made numerous representations to this Court in pleadings, related documents and arguments about what occurred between the parties. Now, he contends that making representations in this action about what occurred between the parties implicates his Fifth Amendment rights warranting a stay of this civil case until his criminal case is completely resolved. As applicable law describes below, defendant *can't have it both ways, using the Fifth Amendment only when it is convenient for him and his interests.* This Court should deny defendant's motion to stay proceedings.

## Legal Standard

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating,* 45 F.3d at 324 (citing *Fed. Savings & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved [simultaneous] parallel [civil and criminal] proceedings are unobjectionable…" *Keating,* 45 F.3d at 324 (quoting *Sec. & Exch. Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1374 (D.C. Cir. 1980). "…[A] court may decide in its discretion to stay civil proceedings…when the interests of justice seem[ ] to require such action." *Dresser*

*Indus.,* 628 F.2d at 1375 (quoting *United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S. Ct. 763, 769 n. 27, 25 L.Ed.2d 1 (1970)) (internal quotation marks omitted). As the movant, Defendant bears the burden of proving that a stay is warranted. *Clinton v. Jones,* 520 U.S. 681, 708 (1997).

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "'in light of the particular circumstances and competing interests involved in the case.'" *Keating,* 45 F.3d at 324 (quoting *Molinaro,* 889 F.2d at 902). The Court should consider "the extent to which the defendant's Fifth Amendment rights are implicated" in addition to considering the following factors:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) the burden which any particular aspect of the proceedings may impose on defendants;

(3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation.

*Keating,* 45 F.3d at 324–25 (citing *Molinaro,* 889 F.2d at 903.)

Even so, after considering "the particular circumstances and competing interests involved in the case," a court has discretion either to stay the entire proceeding or fashion some other, *less drastic way* to protect a party's Fifth Amendment rights. *Lewis v. William Michael Stemler, Inc.,* No. S-13-0574 (E.D. Cal. March 13, 2014) (emphasis added) (citing *Keating*, 45 F.3d 322, 324); *see also eBay, Inc. v. Digital Point Solutions, Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *5 (N.D. Cal. Feb. 10, 2010) (considering plaintiff's proposed alternatives to a stay, but ultimately denying the stay); *In re CFS-Related Secs. Fraud Litig.,* 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003) ("A general stay is just one of several procedures available. Other options may be utilized in lieu of imposing a stay. These alternate tools include the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter." *Id.*).

## Argument

Defendant failed to meet his burden of proving a stay is warranted and largely avoided relevant law. Defendant's Fifth Amendment rights are but one factor this Court is to consider among the other *Keating* factors. Because Defendant has been actively litigating this matter his Fifth Amendment rights can be realized with other remedies (*e.g.* sealed interrogatories; protective orders; a stay limited to a specific subject matter) and the remaining *Keating* factors weigh

heavily against a stay, this Court should deny Defendant's Motion to Stay Proceedings pending Defendant's criminal proceedings and allow the Parties to litigate this case in due course.

**1. It is Permissible to Conduct this Civil Proceeding at the same time as Defendant's Criminal Proceeding.**

"…[A] civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Koester v. Am. Republic Invs., Inc.,* 11 F.3d 818, 823 (8th Cir. 1993). "[A] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating,* 45 F.3d at 326.

> Not only *is it permissible* to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is *even permissible* for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

*Id.* at 326 (emphasis added) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S. Ct. 1551, 1557, 47 L.Ed.2d 810 (1976).

Federal District Courts in the Ninth Circuit have denied motions to stay under similar circumstances. *Arries v. Univ. OB/GYN, LLC*, No. CV-10-08219-PCT-NVW (D. Ariz. 2012. Mar. 16, 2012) (denying Plaintiffs/Counterdefendants' Motion to Stay Discovery Pending the Outcome of a Parallel Criminal Proceeding despite noting Plaintiff's Fifth Amendment rights will be implicated in the civil proceeding); *ESG Capital Partners LP et al., v. Stratos,* 22 F.Supp.3d 1042, 1047

(C.D. Cal. 2014) (denying Defendant's Motion to Stay Proceedings despite noting that Defendant's Fifth Amendment rights are "certainly implicated in this civil action. The Grand Jury has returned an indictment against [Defendant]…" *Id.* at 1046.).

In *Arries,* the Court found that the two most relevant factors to consider were "the extent to which Mrs. Arries' [the Plaintiff in this case] Fifth Amendment rights are implicated and the prejudice a stay would impose on Defendants." No. CV-10-08219-PCT-NVW, 3 (D. Ariz. 2012. Mar. 16, 2012). The Court determined

> [s]taying this lawsuit pending resolution of the criminal case against Mrs. Arries would seriously prejudice Defendants' ability to collect any civil judgment they may obtain and would increase the risk of witnesses or evidence becoming unavailable.

*Id.* at 4.

The Court found it dispositive that Mrs. Arries could appeal her possible conviction thereby continuing to exercise her Fifth Amendment rights during the appeal, potentially extending the stay much longer and draining Mrs. Arries' available resources to satisfy any judgment that the Defendants may have obtained in the civil lawsuit. *Id.*

In the present case, Plaintiff faces similar challenges. Defendant likely faces a lengthy criminal proceeding that could be appealed—2 years would be a conservative estimate of the time for Defendant's criminal case to be completely resolved through an appeal. Further, Defendant's assets could be forfeited to the

federal government which would make it more difficult, if not impossible, for Mr. Washington to recover a judgment.

*Stratos* is strikingly analogous to this case. 22. F. Supp. 3d. 1042. In *Stratos,* the court determined,

> [t]he Grand Jury has returned an indictment against Stratos…Both cases are based on the same set of facts…If he asserts his Fifth Amendment right in this case, an adverse inference can be drawn against him. And if he cooperates with discovery in the civil case or gives incriminating testimony, it can be used against him in the criminal trial.

22 F.Supp.3d at 1046.

Despite this finding, the court denied "Defendant's Motion to Stay Proceedings Pending Criminal Case Resolution." *Id.* at 1047. The Court reasoned, "…the Ninth Circuit has already held that the potential for an adverse inference in a civil proceeding is not enough by itself to stay a civil action." *Id.* at 1046 (citing *Keating* 45. F.3d at 326). The Court also considered Stratos was "eager to testify at the detention hearing…" *Stratos,* 22 F.Supp.3d at 1046. While Plaintiff currently does not know if Defendant testified at his two detention hearings[1], he certainly has been vigorously litigating and making representations to this Court concerning the facts and circumstances relevant to the allegations in Plaintiff's Complaint.

---

[1] Detention orders from District of New Jersey and District of Colorado attached as exhibits A and B respectively.

Defendant's motion to compel arbitration and brief in support disclosed CryptoWatt Investment Partners, LLC's 26-page operating agreement, the motion itself is 8-pages long wherein Defendant made affirmative statements about Defendant's ownership of CryptoWatt and argued about provisions of the operating agreement. (Doc. 8, 9, 9-1). For example, Defendant stated, "The Operating Agreement formed CryptoWatt and set forth its operating terms, the relationship among the parties, financial terms, and importantly, the law governing the agreement." (Doc. 9 pg. 4). Plaintiff's claim that Defendant Breached his Fiduciary Duty directly relates to the operating agreement that, before now, Defendant openly offered and litigated.

Additionally, Defendant's Response to Plaintiff's Motion for Appointment of Receiver provides a detailed – 4-page – account of Defendant's business dealings and transactions with Plaintiff. (Doc 13 pgs. 3–6). If Defendant wanted to exercise his Fifth Amendment rights and stay this action, he should have done so prior to litigating this case and filing multiple motions and briefs to further his cause. The Court in *Stratos* said it best, "The Court expresses no view on whether Stratos waived his Fifth Amendment privilege with respect to his testimony. *But he can't have it both ways, using the Fifth Amendment only when it is convenient for him and his interests.*" *Stratos,* 22 F.Supp.3d at 1046 (emphasis added). Just like the defendant in *Stratos,* Defendant is picking and choosing when to exercise his Fifth

Amendment rights *when it is convenient for him.* Since Defendant has eagerly litigated this case up until now, without exercising his Fifth Amendment rights, the Court should determine this factor weighs heavily against a stay.

### 2. Plaintiff will be Prejudiced by a Delay.

Courts have acknowledged that a plaintiff has an interest in having his case resolved speedily. *See SEC v. Loomis*, No. 10-CV-0458-KJM, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013). Courts have also found prejudice to a plaintiff where a stay of discovery might result in his inability to identify other potential defendants, or where a stay may impact his ability to locate and present favorable evidence. *See Gen. Elec. Co. v. Liang*, No. 13-CV-8670-DDP, 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014); *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, Nos. 95-CV-20129-RMW & 95-CV-20156-RMW, 1995 WL 261451, at *2 (N.D. Cal. Apr. 26, 1995).

Further, a stay of discovery will create a "danger of denying justice by delay." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). The danger of denying justice is present because, among other things, a delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* (quoting *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002)). Indeed, "courts in this Circuit frequently refuse to stay civil proceedings despite concerns of implicating a defendant's Fifth

Amendment privilege against self-incrimination." *U.S. Legal Support, Inc. v. Hofioni*, No. 2:13-cv-01770-MCE-AC, 4 (E.D. Cal. Feb. 16, 2019); *See, e.g., Edward/Ellis v. New United Motors Mfg. Inc.*, No. C 07-05452 WHA, 2008 WL 4712602, at *1 (N.D. Cal. Oct. 22, 2008) (denying stay and noting the risk that witnesses' memories will fade or witnesses will become unavailable if the six-month stay is granted).

    Here, Defendant requests not just a stay of discovery but a stay of the entire proceedings in this case pending the outcome of Defendant's criminal proceedings. Defendant suggests the Speedy Trial Act of 1974 set forth in 18 U.S.C § 3161–3174 will reduce the possibility of a long delay in Defendant's criminal proceedings and cites to *Am. Motorists Ins. Co., v. Bridger Pub. Sch. Dist. #2,* No. 06-CV-124-BLG-RFC-CSO, 2007 WL 1227592 (D. Mont. Apr. 24, 2007) to support this proposition. With all due respect to the youth allegedly harmed in that case, the matter of complexity between the criminal proceeding in *Am. Motorists Ins. Co.* that related to asbestos contamination at a school, and the Defendant's current criminal proceedings, are not comparable.

    Defendant's criminal proceeding is a $722 million-dollar fraud scheme that "solicitated money from investors in exchange for shares of purported cryptocurrency mining pools and rewarded investors for recruiting new investors into the scheme." United States Dep't. of Justice. United States vs. Matthew Brent

Goettsche et al. (accessed online at https://www.justice.gov/doj/case/united-states-vs-matthew-brent-goettsche-et-al) (last visited Feb. 20, 2020). Defendant conspired with four other co-defendants, one of which still remains at large. *Id.* Defendant's co-defendants' "traveled around the United States and the world to promote BitClub Network and recruit others to invest." *Id.* To say his criminal proceeding is complex, is an understatement. Discovery is likely immense. Defendant's current criminal proceeding and the filings therein already evidence that his criminal case will be lengthy.

      Defendant's bail hearing lasted two-days and required Counsel for the Government to request a one-week extension to file a scheduling order. *United States v. Matthew Brent Goettsche, et al.,* No. 2:19-cr-00877-CCC (Doc. 42, Filed Feb. 14, 2020) (N.J.D.C. 2020). As of this writing, Plaintiff believes no trial has been set in Defendant's criminal proceedings. The Court in *Petrov v. Alameda County, et al.,* No. 16-cv-04323-YGR (N.D.Cal. Nov. 4, 2016) found "no such trial has been scheduled in the criminal proceedings at issue here" and determined that plaintiff would be prejudiced by a delay noting "the record here does not reflect the speed with which the officers' prosecution and trial is being pursued." *Id.* at 7. Based on the foregoing, the Court should find that Defendant's criminal proceeding will be lengthy, which creates a "danger of denying justice by delay" in Plaintiff's civil proceeding. *Blue Cross & Blue Shield of Ala.,* 490 F.3d at 724.

Further, Plaintiff's witnesses currently have a relatively fresh memory of the events, documentation, and the location of other witnesses and documentation, material to this case. A stay of this proceeding until Defendant's criminal proceeding is concluded will prejudice Plaintiff since a delay "inherently increases the risk that witnesses' memories will fade, and evidence will become stale." *Pagtalunan,* 291 F.3d at 643.

Plaintiff's damages amount to at least $10 million dollars in the present case. Those damages continue to grow. The money Defendant defrauded Plaintiff of could have been used to upgrade the infrastructure and computing power of the CryptoWatt facility that, without millions of dollars of additional funding, will lose significant value come May 2020. Further, the Receiver controls CryptoWatt and represents both Plaintiff's and Defendant's business interests. The Receiver provides no funding. Plaintiff had to make a $1.3 million loan to the Receiver in order to bring CryptoWatt's facility back into operation and produce Bitcoin. (Doc. 31; Doc. 30 and 30-1). Defendant has provided no funding. *See Id.*

To this point in the civil proceedings, Defendant has actively obstructed Plaintiff's efforts to preserve his valuable CyrptoWatt asset. *See* Defendant's *Notice of Removal* (Doc. 1.) (filed the day before the State receiver hearing was to occur); Defendant's *Motion to Arbitrate* (Doc. 8) (requesting the Court to "immediately dismiss or stay this litigation in favor of arbitration" filed the night

before the receivership hearing. *Id.* at 8). Defendant's litigation tactics are telling – he will aggressively strive to delay this proceeding as long as possible. This case must move forward expeditiously to alleviate the prejudice Plaintiff has experienced and will experience if this case is stayed. The Court should find that this *Keating* factor weighs heavily against a stay.

### 3. The Burden on Defendant if the Stay is Denied is Minimal.

"Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other 'compelling factors as described in *Keating*." *Stratos,* 22 F.Supp.3d at 1046 (quoting *Gen. Elec. Co. v. Liang*, 2014 WL 1089263, at * 5 (C.D. Cal. Mar. 19, 2014.). Plaintiff has argued this point in the other sections of his response. Based on those arguments, the Court should determine Defendant has shown that no "compelling factors as described in *Keating*" weigh in favor of a stay. *Stratos,* 22 F.Supp.3d at 1046

### 4. The Efficient use of Judicial Resources Supports Denying a Stay.

"This factor typically weighs against the granting of a stay." *Gen. Elec. Co. v. Liang* No. CV-13-08670-DDP, 12 (C.D. Cal. Mar. 19, 2014). The Court has an interest in managing its docket and resolving cases efficiently. *Lewis v. William Michael Stemler, Inc.,* No. CIV. S-13-0574 KJM E, 2014 WL 1026593, at *5 (E.D. Cal. Mar. 14, 2014) (denying motion to stay after noting that any stay undercuts

the court's ability to manage its docket); *Stratos,* 22 F.Supp.3d at 1047 (stating "the court has an interest in clearing its docket." (quoting *Molinaro,* 889 F.2d at 903.).

The Defendant requests a stay in order to conserve judicial resources "until such time that the Defendant is meaningfully able to participate in the litigation." (Doc. 37 at 6). Defendant is represented by competent and reputable counsel and has been actively litigating this case. *See Generally* Docket. Defendant's counsel has access to potential witnesses wherever they live and CryptoWatt business records at Butte, Montana. Defendant offers no timeline as to when he will be "meaningfully able" to participate in this litigation. Based on the pending charges against him, and the magnitude of the fraud, he may never be able to "meaningfully" participate in this litigation if that means he is to be physically present in Montana to do so. He potentially could be sentenced to the custody of a federal detention center as an outcome of his criminal proceedings, which would continue to create an issue for him to "meaningfully" participate in this litigation and "access information" long after his criminal proceedings conclude (Doc. 37 at 6).

In this case, the Court issued a Preliminary Pretrial Conference Order setting due dates for the Parties' Preliminary Pretrial Statements, Joint Discovery Plan, Statement of Stipulated Facts due by March 31, 2020 and a Pretrial Conference set for April 7, 2020 at 11 a.m. (Doc. 2). If a stay is granted, it would undermine this

Court's interest in managing its docket. This Court's "interest in managing its own calendar thus presents another factor weighing against a stay in these proceedings." *Hofioni*, No. 2:13-cv-01770-MCE-AC, 4. Thus, this *Keating* factor weighs against a stay.

### 5. Employees of FX Solutions, Inc. the Citizens of Butte, Montana and the Greater Montana Community Have a Substantial Interest in this Litigation

FX Solutions, Inc., and its 32 employees whose jobs are to manage and maintain the CryptoWatt facility and CryptoWatt's assets have a substantial interest in this litigation. Apparently, Defendant is unaware of these non-parties despite being majority owner of CryptoWatt and directly benefitting from these nonparties' steadfast efforts to steadily mine Bitcoin for Defendant. (Doc. 37 at 6) (Defendant states he "is unaware of *any third parties* who have an interest in this litigation…") Plaintiff's Complaint, attached to Defendant's Motion to Stay Proceeding, describes the disruption Defendant's actions have caused CryptoWatt's Bitcoin mining facility. (Doc. 1).

Further, after Defendant's arrest and before the Receiver's appointment, 32 employees of FX Solutions, Inc. lost their jobs. FX Solutions Inc. incurred approximately $800,000 in unpaid bills in an effort to keep CryptoWatt near an operational state. CryptoWatt lost millions of dollars in potential mined Bitcoin. Defendant's fraud and breaches of fiduciary duties committed against Plaintiff

clearly and substantially negatively impacted the interests of non-parties in this case. The CryptoWatt facility and the jobs it created hang in the balance of these civil proceedings. This civil proceeding should not be stayed "so that [the nonparties] may resume their normal course of business" as soon as possible. *Hofioni*, No. 2:13-cv-01770-MCE-AC, 7.

The public's "interest in a speedy resolution of this civil action is balanced against its interest in maintaining the 'integrity of the criminal case.'" *Lewis v. William Michael Stemler, Inc.,* No. CIV. S-13-0574-KJM E, 2014 WL 1026593, at * 5 (E.D. Cal. Mar. 14, 2014). Butte, Montana and its citizens greatly benefit from the CryptoWatt facility's generation of jobs and tax revenue. The speedy resolution of this case will provide finality in this matter and could promote long-term financial planning for the use of the tax revenues and payroll dollars generated from CryptoWatt. The speedy resolution of this civil case does not impact the integrity of the Defendant's criminal case. Thus, this *Keating* factor weighs against the stay.

## Conclusion

The *Keating* factors weigh heavily against a stay. This Court can use other remedies that are less prohibitive than a stay of the civil proceedings that would allow this case to proceed. As such, the Court should deny Defendant's Motion to Stay Proceedings pending the outcome of Defendant's criminal case.

DATED this 21ˢᵗ day of February 2020.

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
Kevin Washington

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that **Plaintiff's Response Brief in Opposition to Defendants' Motion to Stay Proceedings and Request for Hearing** is drafted with proportionately spaced Times New Roman 14 points typeface, is double-spaced; and the word count, calculated by Microsoft Word for Office 365, is **3,536** words long, excluding Caption, Certificate of Service, and Certificate of Compliance.

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
Kevin Washington

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of February 2020, the foregoing document was served on the following individuals by ECF filing:

John E. Smith
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
john@smithstephens.com

Nick K. Brooke
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
nick@smithstephens.com

                                            /s/ Kris A. McLean
                                            Kris A. McLean
                                            Kris A. McLean Law Firm, PLLC
                                            Attorney for Plaintiff
                                            Kevin Washington