Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com

*Attorneys for Plaintiff Kevin Washington*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| Kevin Washington an individual and minority owner of CryptoWatt Investment Partners, LLC sole member of CyproWatt Mining, LLC<br><br>Plaintiff,<br><br>v.<br><br>Matthew Brent Goettsche an individual and majority owner of CryptoWatt Investment Parnters, LLC sole member of CryptoWatt Mining, LLC<br><br>Defendant. | Cause No.: CV-20-2-BU-BMM-KLD<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO ALLOW THE RECEIVER SELL THE ASSETS OF CRYPTOWATT** |

Plaintiff, Kevin Washington, has moved this Court to grant the Receiver the power to market and sell the assets of CryptoWatt Investment Partners, LLC the sole member of CryptoWatt Mining, LLC (hereinafter collectively "CryptoWatt") upon reasonable notice to the parties and Court if it is in the best interest of

CryptoWatt. In response, the Defendant trumpets his power and authority as Managing Member of CryptoWatt pursuant to the operating agreement. In addition, Defendant asserts a red herring argument that Plaintiff's motion should be construed as a motion for a mandatory injunction. Both arguments display the Defendant's mistrust of the Receiver and this Court to make decisions in the best interests of both CryptoWatt members. This Court should grant Plaintiff's motion.

The legal basis for this Court's authority to appoint a Receiver and establish his power and authority were set forth in Plaintiff's Brief in Support of Emergency Motion to Appoint a Receiver. (Doc. 6) Additional legal authority for this Court's appointment of a Receiver is set forth in Plaintiff's Brief in Opposition to Defendant's Motion to Arbitrate (Doc. 10). The Court held a hearing on Plaintiff's Emergency Motion to Appoint a Receiver, including the testimony of several witnesses which established the factual basis for the Court's Order Appointing a Receiver. (Doc. 22) In its Order Appointing a Receiver, the Court allowed, "When necessary, the Court will reconsider the scope of the Receiver's powers upon motion of the parties." (Doc. 22, Pg. 1) Plaintiff's present motion is necessary due to the defendant's continuing incarceration for what, no doubt, will be an extended period of time.

The Supreme Court of the United States described the equitable relief of a receiver when it stated, "[t]he appointment of a receiver is merely an ancillary and

incidental remedy. A receivership is not final relief. The appointment determines no substantive right, nor is it a step in the determination of such a right. *It is a means of preserving property* which may ultimately be applied toward the satisfaction of substantive rights." *Pusey Jones Co v. Hanssen*, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763 (1923)(emphasis added)("appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action." *Canada Life Assur. Co. v. Lapeter*, 563 F.3d at 843 (quotations omitted). Defendant's argument that the instant motion seeks a mandatory injunction because it "…seeks to change the status quo in a permanent way" (Defendant's brief pg. 13) ignores the true equitable nature of a Receiver's powers. In this case, the equities weigh in favor of the Receiver having the power to sell CryptoWatt's assets as requested in Plaintiff's motion.

    Plaintiff's motion does not request the Court grant the Receiver unfettered power to sell CryptoWatt's assets. Rather, Plaintiff's motion requests the Court grant the Receiver the power to sell CryptoWatt's assets only after notice to the parties and approval by the Court. For these reasons, Plaintiff respectfully requests the Court grant his motion and Amend its Order Appointing Receiver to allow the Receiver Sell the Assets of CryptoWatt after notice to the parties and approval by the Court.

DATED this 23rd day of March, 2020.

                                      KRIS A. MCLEAN LAW FIRM, PLLC

                                      <u>/s/Kris A. McLean</u>
                                      Kris A. McLean
                                      Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March 2020, the foregoing document was served on the following individuals by ECF filing:

John E. Smith
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
john@smithstephens.com

Nick K. Brooke
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
nick@smithstephens.com

                                      <u>/s/ Kris A. McLean</u>
                                      Kris A. McLean
                                      Kris A. McLean Law Firm, PLLC
                                      Attorney for Plaintiff Kevin Washington