| | |
|---|---|
| Robert L. Sterup<br>BROWN LAW FIRM, P.C.<br>315 North 24th Street<br>P.O. Drawer 849<br>Billings, MT 59103-0849<br>Tel. (406) 248-2611<br>Fax (406) 248-3128<br>rsterup@brownfirm.com | JOHN E. SMITH<br>NICK K. BROOKE<br>SMITH & STEPHENS, P.C.<br>315 West Pine Street<br>Missoula, MT 59802<br>Phone: (406) 721-0300<br>Fax: (406) 721-5370<br>john@smithstephens.com<br>nick@smithstephens.com |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>        Plaintiff,<br>vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>        Defendant. | Cause No. CV-20-2-BU-BMM-KLD |
| FX SOLUTIONS, INC.<br><br>        Plaintiff,<br><br>vs.<br>MATTHEW BRENT GOETTSCHE,<br><br>        Defendant. | Cause No. CV-20-03-BU-BMM-KLD<br><br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

Defendant Matthew Goettsche respectfully submits this Memorandum of Law in Support of Motion to Dismiss Counts Four and Five of the Complaint of FX Solutions, Inc.

## I.      FACTUAL SUMMARY

FX Solutions, Inc. ("FXS") alleges that Crypto Watt Mining, LLC ("CryptoWatt"), a Delaware limited liability company, Complaint ¶4, "owns and operates a 'Bitcoin' mining facility at 200 Technology Way, Butte, Montana, 59701." Complaint ¶5.  FXS alleges that "[s]ince January 31, 2018, FX Solutions, Inc. has contracted with CryptoWatt to operate its Bitcoin mining facility at 200 Technology Way, Butte, Montana, 59701." Complaint ¶6.

In Count Four of its Complaint FXS seeks recovery for "breach of contract" for alleged "unpaid invoices" for its "services" as "General Contractor/facility operator at CryptoWatt's Butte Bitcoin mining facility since its inception in January 2018." Complaint ¶32.  FXS claims "approximately $4,183,600.26" in unpaid "invoices" for the "services" performed under its contract with CryptoWatt. Id.

FXS expressly alleges the invoices were issued to, and the payments for the alleged services were made by, CryptoWatt, a Delaware LLC.  FX alleges that "payments *from CryptoWatt* to FX Solutions, Inc. were largely designated for the

payroll of 32 employees of FX Solutions, Inc. that work at CryptoWatt's Butte facility."  Complaint ¶33 (emphasis supplied).

CryptoWatt is <u>not</u> named as a party defendant.  Instead, and despite having expressly alleged the contract claim is against CryptoWatt, FX seeks recovery from Goettsche individually for "breach of contract."  Complaint ¶34.

In Count Five, FXS generally alleges fraud or constructive fraud based on allegations of a criminal indictment.  FXS does not allege particularized elements of the fraud claim as required by Fed. R. Civ. P 9(b).

## II.    DISCUSSION

### A.    Rule 12 Standards

Under Rule 12(b)(6) a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  If the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### B.    Choice of Laws

FXS brings a breach of contract claim for allegedly unpaid invoices it issued

to CryptoWatt, a Delaware LLC.   Under Montana choice of law principles, "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in (Restatement) § 6." *Modroo v. Nationwide Mut. Fire Ins. Co.*, 345 Mont. 262, ¶ 55, 191 P.3d 389 2008 MT 275.  "Section 6(1) of the Restatement provides that a court, 'subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.' Montana law provides that a 'contract is to be interpreted according to the law and usage of the place where it is to be performed....'" *Modroo* ¶55 quoting §28–3–102, MCA.

Here, the contract as alleged by FXS was to be performed in Butte, Montana.  Therefore, Montana law governs the contract claim.  Both Montana and Delaware law insulate LLC members from liability for contracts of the LLC. Whether under Montana or Delaware LLC law, Count Four fails as a matter of law.

### C.     LLC Liability For Breach of Contract – Montana Law

Montana's statute governing the liability of members or managers of a limited liability company (LLC) to third parties provides in pertinent part:

> [A] person who is a member or manager, or both, of a
> limited liability company is not liable, solely by reason of
> being a member or manager, or both, under a judgment,
> decree or order of a court, or in any other manner, for a

> debt, obligation, or liability of the limited liability
> company, whether arising in contract, tort, or otherwise
> or for the acts or omissions of any other member,
> manager, agent, or employee of the limited liability
> company.

Section 35–8–304(1), MCA.

Limited Liability Companies are "legal entities distinct from their members, with obligations separate from their members." *White v. Longley*, 2010 MT 254, ¶34, 358 Mont. 268, 244 P.3d 753 *citing Ioerger v. Reiner*, 2005 MT 155, ¶ 20, 327 Mont. 424, 114 P.3d 1028. LLCs provide their members and managers with "a corporate-styled liability shield...." *White*, ¶ 34 citing § 35–8–101, MCA, Official Comments.  As the Official Comments to § 35–8–304, MCA, explain, "[a] member or manager, as an agent of the company, is not liable for the debts, obligations, and liabilities of the company simply because of the agency." An LLC member's individual liability requires a showing the member "personally breach[ed] a contract obligation ...."  *Weaver v. Tri-County Implement, Inc*., 372 Mont. 267, ¶12, 311 P.3d 808, 2013 MT 309.

In Count Four, FXS alleges it was party to a contract *with CryptoWatt* for services as general contractor/operator.  Complaint ¶6 ("[s]ince January 31, 2018, FX Solutions, Inc. has *contracted with CryptoWatt* to operate its Bitcoin mining facility at 200 Technology Way, Butte, Montana, 59701.")(emphasis supplied). FXS alleges it issued invoices for the services to CryptoWatt for payment by

CryptoWatt.  Complaint ¶33 ("payments *from CryptoWatt* to FX Solutions,

Inc….")(emphasis supplied). Count Four seeks recovery for breach of that

contract.   No allegation is made that Goettsche was a party to that contract, or that

FXS ever invoiced or received payment from Goettsche individually.

     As a matter of law, Goettsche is not individually liable for the alleged

breach.  The claim instead lies against CryptoWatt, a non-party to the Complaint.

Count Four is subject to dismissal.

### D.    LLC Liability For Breach of Contract – Delaware Law

     Under Delaware law a limited liability company is a legal entity that is

separate and distinct from its members.  *Harner v. Westfield Ins. Co.*, 2018 WL

6721765, at *3–4 (Del. Super. Dec. 12, 2018).  Delaware's LLC Act provides:

> (a) Except as otherwise provided by this chapter, the
> debts, obligations and liabilities of a limited liability
> company, whether arising in contract, tort or otherwise,
> shall be solely the debts, obligations and liabilities of the
> limited liability company, and no member or manager of
> a limited liability company shall be obligated personally
> for any such debt, obligation or liability of the limited
> liability company solely by reason of being a member or
> acting as a manager of the limited liability company.
>
> (b) Notwithstanding the provisions of subsection (a) of
> this section, under a limited liability company agreement
> or under another agreement, a member or manager may
> agree to be obligated personally for any or all of the
> debts, obligations and liabilities of the limited liability
> company.

6 Del.C. § 18-303.

Under Delaware law a member of a limited liability company may not be held liable for the debts, obligations and liabilities of the company. *Thomas v. Hobbs*, 2005 WL 1653947 (Del. Sup. Ct. 2006) citing 6 Del. C. § 18-303. *See also Pepsi-Cola Bot. Co. of Salisbury, Md. v. Handy*, 2000 WL 364199 (Del. Ch. 2000)("Section 18-303(a) protects members and managers of an LLC against liability for any obligations of the LLC solely by reason of being or acting as LLC members or managers.")  Under Delaware law Goettsche is not liable for contract obligations of CryptoWatt absent his express agreement "to be personally liable." No such agreement is alleged by FXS.

### E.    Fraud With Particularity

In Count Five of the Complaint, FXS alleges "actual or constructive fraud," parroting allegations made against Goettsche in a pending criminal indictment. Complaint ¶¶35-41.  The indictment makes no reference to FXS.  FXS makes no claim it was a party to the events described in the indictment.

Federal Rule of Civil Procedure 9(b) provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *Barker v. Bank of America, N.A.*, 2019 WL 4261983 *3 (D. Mont. 2019).  A common law fraud pleading must allege nine elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it

should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance upon its truth; (8) the right of the hearer to rely upon it; and (9) the hearer's consequent and proximate injury or damage caused by their reliance on the representation." *Barker*, * 3 *quoting May v. ERA Landmark Real Estate of Bozeman*, 302 Mont. 326, 15 P.3d 1179, 1182 (2000).

For Count Five the "heightened pleading standard of Rule 9(b) must be met." *Pfau v. Mortenson,* 858 F.Supp.2d 1150 (D. Mont. 2012) *affirmed* 542 Fed. Appx. 557 (9th Cir. 2013) *citing Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir.2001).  This particularity must include "the who, what, when, where, and how of the misconduct charged."  *Cain v. Salish Kootenai College, Inc.*, 2019 WL 1643634 * 4 (D. Mont. 2019) *quoting Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). [1]

Rule 9(b)'s particularity test is not met here.  FXS generally alleges "it is more likely than not Goettsche committed crimes … as alleged in the indictment," and that Goettsche "never informed" FXS of the alleged crimes.  Complaint ¶¶37-39.  Nowhere does FXS allege that it somehow was defrauded by its justifiable

---

[1]     "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Bosco Legal Servs. v. Hiscox Inc.*, 2018 WL 3012936, at *21 (C.D. Cal. 2018).

reliance on alleged misrepresentations, however.  FXS fails to allege that Goettsche made *any* representations to it regarding the "BitClub pool" alleged in the indictment.  Complaint ¶37.  Nor is it alleged that FXS justifiably relied on knowingly false misrepresentations to its detriment.  Instead, FXS simply quotes from the indictment as a predicate to claiming, *ipse dixit,* that it was defrauded.

"At a minimum, Plaintiffs must show that they relied on some particular statement by the Defendants …. A formulaic statement of the elements of fraud … is insufficient."  *Pfau*, 858 F. Supp. 2d at 1158.  *See also Barker*, *4 ("Plaintiffs fail to allege, however, that their claimed injuries are a result of their reliance on the alleged misrepresentation."); *Lussy v. Lussy*, 2018 WL 4899454 *4 (D. Mont. 2018)("Plaintiff does not allege … that he somehow relied on the alleged misrepresentation, or that he had a right to do so.") *aff'd* 796 Fed.Appx. 426 (9th Cir. 2020).

In sum, the mere fact an indictment has issued does not provide a basis for a fraud claim by FXS.  Count Five is subject to dismissal for failure to plead fraud with particularity as required by Rule 9(b).

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Counts Four and Five of the FXS Complaint should be granted.

RESPECTFULLY SUBMITTED this 22nd day of April, 2020.

By:   /s/ Robert L. Sterup
       Robert L. Sterup
       BROWN LAW FIRM, P.C.

## CERTIFICATE OF COMPLIANCE

The undersigned, Robert L. Sterup, certifies that Defendant's Memorandum of Law in Support of Motion to Dismiss complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 1,845 words, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

DATED this 22nd day of April, 2020.

/s/ Robert L. Sterup
Robert L. Sterup

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of April, 2020, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2, 3</u>CM-ECF
\_\_\_\_\_Hand Delivery
\_\_\_\_ Mail
\_\_\_\_ Overnight Delivery Service
\_\_\_\_ Fax

1.    CLERK, UNITED STATES DISTRICT COURT

2.    Kris McLean

3.    Tyson McLean

By:   _/s/ Robert Sterup_
 Robert Sterup