Robert L. Sterup
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
rsterup@brownfirm.com

*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>   Plaintiff,<br> vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>   Defendant. | Cause No. CV-20-2-BU-BMM-KLD |
| FX SOLUTIONS, INC.<br><br>   Plaintiff,<br> vs.<br>MATTHEW BRENT GOETTSCHE,<br><br>   Defendant. | Cause No. CV-20-03-BU-BMM-KLD<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

Defendant Matthew Goettsche respectfully submits this Reply Memorandum of Law in Support of Motion to Dismiss Counts Four and Five of the Complaint of FX Solutions, Inc. ("FXS").

## FACTUAL SUMMARY

Goettsche counsel waived service of Summons on January 14, 2020. Exhibit A hereto. Under Fed. R. Civ. P. 4(d)(3) Goettsche had sixty (60) days from January 14, 2020 to serve a responsive pleading. The executed Waiver of Service of Summons so provides. Exh. A ("I also understand that I … must file and serve an answer or a motion to dismiss under Rule 12 within 60 days from 1/14/2020 ….").

On March 3, 2020, within the sixty-day period for responsive pleading, all Parties stipulated to a stay of litigation through April 22, 2020. Doc.#42. See also Fed. R. Civ. P 6(b)(1)(b).

Defendant filed the instant Motion to Dismiss on April 22, 2020. Doc.#61.

## DISCUSSION

FXS contends Goettsche is in default because the instant Rule 12 Motion was not timely filed, and, as a consequence, the Motion is procedurally barred. The deadline for a responsive pleading was sixty days from January 14, 2020. Litigation was stayed prior to expiration of the 60-day period for a responsive pleading. The instant Motion was filed on the same day the stay of litigation expired. The instant Motion therefore was <u>not</u> untimely.

While FXS provided an exhibit incorporating proposed waiver of service in state court (FXS Exh. A), the case thereafter was removed to this Court, nullifying the state court waiver request, as FXS recognized when it provided a new form of federal court waiver of service.  Exh. A hereto.  To the extent FXS contends Rule 81(c)(2) obviates the need for service, that argument has been rejected by the U.S. Supreme Court.  *See Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.C.t. 1322 (U.S. 1999) (stating that "Rule 81(c) sensibly has been interpreted to afford the defendant at least 20 days after service of process to respond"); *Sliva v. City of Madison*, 69 F.3d 368 (7th Cir. 1995) ("In stark contrast, we perceive nothing in the statute, the rule or their respective legislative histories that would justify our concluding that the drafters, in their quest for evenhandedness and promptness in the removal process, intended to abrogate the necessity for something as fundamental as service of process").

Furthermore, FXS is incorrect as a matter of law.

Rule 55(a) provides for clerk's entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ...." Fed. R. Civ. P. 55(a).   However, "the court cannot enter default once the defendant has filed her responsive pleading." *Aguilera v. Bigham*,  2016 WL 4540834 at *1 (E.D. Cal. 2016) ("the clerk of court did not enter defendant's default, and therefore defendant was not in default at the time she filed her motion

to dismiss.") Goettsche's instant Rule 12 Motion is a responsive pleading that forestalls Rule 55 default – that is true even if the Rule 12 Motion was not timely filed. *Sugarfina, Inc. v. Sweet Pete's LLC*, 2017 WL 4271133, at *3 (C.D. Cal. 2017) (default cannot be entered where defendant filed a Rule 12 motion to dismiss after the deadline for responsive pleadings). Where defendant did not timely plead, the Court is under no obligation to enter default sua sponte. *In re Moore*, 2018 WL 1057834 *5 (9th Cir. Bankr. 2018) (where defendant "filed a motion to dismiss in lieu of an answer … three days late …, but (plaintiff) never requested that a default be entered," the "court was not required to do it sua sponte.")

Because Goettsche is not in default, he was, and is, free to seek dismissal by motion.[1] As explained by the Ninth Circuit in similar circumstances, where defendant "did not timely file its second motion to dismiss, … this does not mean that (defendant) thereafter was prohibited from filing its second motion to dismiss." Instead, if plaintiff "sought to prohibit (defendant) from responding to her first amended complaint, her recourse was to seek entry of default." Where plaintiff "did not do so," the defendant "permissibly filed its belated second motion

---

[1] Filing a partial motion to dismiss extends the time to file a responsive pleading with respect to all claims, including those not addressed in the motion. 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed.)("the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Talbot v. Sentinel Ins. Co., Ltd.*, 2012 WL 1068763, *4 (D. Nev. 2012).

Page 4 of 8

to dismiss, and the bankruptcy court was not obliged to strike it based on (plaintiff's) untimeliness argument." *In re Reilly*, 2020 WL 710371 *6 (9th Cir. Bankr. 2020).

In sum, because Goettsche *has* filed a Motion to Dismiss, Rule 55(a) default can*not* be entered. Because FXS chose not to seek entry of default before Goettsche filed his Motion to Dismiss, Goettsche "permissibly filed" his Rule 12 Motion. The Court may not disregard the pending Rule 12 Motion as FXS suggests.

FXS suggests the pending Motion be disregarded and Goettsche should be directed to file an Answer. However, not only is that suggestion unsupported by Rule 12 and Rule 55, but Goettsche could seek judgment on the pleadings as to Counts Four and Five at the same time he filed his Answer, which would mean the same issue currently before the Court would be presented to the Court anew. No reason exists for proceeding in such fashion.

In the absence of a substantive response by FXS, Counts Four and Five of the FXS Complaint should be dismissed or, alternatively, FXS should be directed to file a substantive response to the Motion.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for dismissal of Counts Four and Five of the FXS Complaint should be granted, or FXS should be ordered to file a substantive response.

RESPECTFULLY SUBMITTED this 27th day of May 2020.

By:   /s/ Robert L. Sterup
      Robert L. Sterup
      BROWN LAW FIRM, P.C.

## **CERTIFICATE OF COMPLIANCE**

The undersigned, Robert L. Sterup, certifies that Defendant's Reply Memorandum of Law in Support of Motion to Dismiss complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 993 words, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

DATED this 27th day of May, 2020.

/s/ Robert L. Sterup_
Robert L. Sterup

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May 2020, a copy of the foregoing document was served on the following persons by the following means:

1, 2, 3 CM-ECF
___ Hand Delivery
___ Mail
___ Overnight Delivery Service
___ Fax

1. CLERK, UNITED STATES DISTRICT COURT

2. Kris McLean

3. Tyson McLean


By: _/s/ Robert Sterup_
Robert Sterup