Robert L. Sterup
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
rsterup@brownfirm.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>    Plaintiff,<br>vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>    Defendant. | Cause No. CV-20-2-BU-BMM-KLD<br><br>**DEFENDANT'S RESPONSE TO OBJECTIONS TO FINDINGS AND RECOMMENDATION OF KEVIN WASHINGTON** |
| FX SOLUTIONS, INC.<br><br>    Plaintiff,<br>vs.<br>MATTHEW BRENT GOETTSCHE,<br><br>    Defendant. | Cause No. CV-20-03-BU-BMM-KLD |

Defendant Matthew Goettsche ("Goettsche") respectfully submits this Response to Objections of Plaintiff Kevin Washington ("Washington") to Findings and Recommendations ("F&R") of the Hon. Magistrate Judge.

## I. FACTUAL BACKGROUND

Goettsche is the majority owner of CryptoWatt Investment Partners, LLC ("CryptoWatt"). CryptoWatt owns a Bitcoin mining facility in Butte, Montana. F&R p. 2.

Goettsche and Washington are Parties to October 1, 2018 CryptoWatt Operating Agreement. (Doc. 9-1 at 25). The Operating Agreement contains an arbitration provision which provides: "[a]ny unresolved controversy or claim arising out of or relating to this Agreement, except as (i) otherwise provided in this Agreement, or (ii) any such controversies or claims arising of either party's intellectual property rights for which a provisional remedy or equitable relief is sought, shall be submitted to arbitration…." (Doc. 9-1 at § 11.02).

Washington filed this action against Goettsche in December 2019 asserting two claims for relief: (1) breach of fiduciary duty and (2) actual and constructive fraud. (Doc. 26). On January 9, 2020, Goettsche moved to compel arbitration of Washington's claims pursuant to the Operating Agreement's arbitration provision. (Doc. 8).

By Order dated January 10, 2020 the Court appointed a Receiver to preserve the status quo by protecting CryptoWatt's assets. (Doc. 22).

By the F&R dated June 3, 2020, the Magistrate Judge recommended grant of Goettsche's motion to compel arbitration and for a stay pending arbitration. (Doc. 74.) Washington filed objections to the F&R dated June 17, 2020. (Doc. 76.)

While conceding the Magistrate Judge correctly compelled arbitration and stayed his claims in this litigation pending arbitration, Washington contends the F&R may displace the court-appointed Receiver, and provisionally objects on that basis. The F&R does <u>not</u> do so. Washington's concerns are misplaced.

## II.    DISCUSSION

Washington takes issue with the F&R's observation that "[s]hould the arbitrator determine that Washington's claims are covered by the arbitration agreement, additional receivership issues, including those raised in Washington's motion to allow the receiver to sell the assets of CryptoWatt (Doc. 44) may be adjudicated in the underlying arbitration." (Doc. 76 p. 2.) Washington's concerns are misplaced. Nothing in the F&R displaces the Court-appointed Receiver.

A Court has authority to enter interim orders "in aid of arbitration to maintain the status quo pending arbitration." *Shainin II, LLC v. Allen,* 2006 WL 247349 (W.D. Wash. 2006) *citing PMS Distrib. Co. v. Huber & Suhner, A.G.*, 863 F.2d 639, 641-42 (9th Cir.1988). A Court-ordered receivership is not inconsistent

with compelled arbitration. *E.g., Government of The Virgin Islands v. Lansdale*, 307 Fed.Appx. 688, 2009 WL 190078 (3d Cir. 2009)(arbitration followed receiver appointment); *M & C Corp. v. Erwin Behr GmbH & Co*., 289 Fed.Appx. 927, 2008 WL 3889739 (6th Cir. 2006)(arbitrator and receiver in same case); *Grigsby v. DC 4400*, LLC, 2016 WL 7115903 (C.D. Cal. 2016)(referring motion for appointment of a receiver to the arbitrator). Pending further Order of the Court,[1] the Receiver will remain in place, subject to the terms and conditions of the Court's Order of appointment, with substantive disputes of the Parties, including but not limited to proposals for sale of CryptoWatt, to be resolved in arbitration.

Washington's motion to extend the terms of the Receivership's authority to encompass a sale of CryptoWatt (Doc. 44) is outside the Receiver's current authority, as Washington conceded by bringing the motion. Any such substantive dispute is <u>not</u> one intended to preserve the status quo, but instead would dramatically alter the status quo, and therefore must be presented to the Arbitrator in the first instance, as the F&R correctly held.

In sum, because Washington does not challenge the F&R compelling arbitration and for a stay pending arbitration, and because Washington's concerns

---

[1] In resolving substantive disputes of the Parties the Arbitrator may order or direct actions that go beyond preserving the status quo. Any such orders will be binding upon the Receiver pursuant to Order of the Court confirming the arbitral award under the Federal Arbitration Act.

regarding the Receivership are misplaced, the F&R should be adopted without change.

## CONCLUSION

For all of the foregoing reasons the F&R should be adopted.

RESPECTFULLY SUBMITTED this 30th day of June, 2020.

/s/ Robert L. Sterup
Robert L. Sterup
*Attorney for Defendant*

## CERTIFICATE OF COMPLIANCE

The undersigned, Robert L. Sterup, certifies that Defendant's Response to Objections to Findings and Recommendations of Kevin Washington complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 670 words, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

DATED this 30th day of June, 2020.

/s/ Robert L. Sterup_
Robert L. Sterup

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2020, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2, 3</u>CM-ECF
<u>    </u>Hand Delivery
<u>    </u>Mail
<u>    </u>Overnight Delivery Service
<u>    </u>Fax

1. CLERK, UNITED STATES DISTRICT COURT

2. Kris McLean

3. Tyson McLean


By:   <u>/s/ Robert L. Sterup    </u>
         Robert L. Sterup
         *Attorney for Defendant*