**J.R. Casillas**
**Peter F. Lacny**
DATSOPOULOS, MacDONALD & LIND, P.C.
Central Square Building
201 West Main Street, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Facsimile: (406) 543-0134
jrcasillas@dmllaw.com; placny@dmllaw.com; areiber@dmllaw.com

*Attorneys for Kevin Washington and*
*CryptoWatt Management, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KEVIN WASHINGTON, an individual and minority owner of CryptoWatt Investment Partners, LLC, the sole member of CryptoWatt Mining, LLC,<br><br>vs.<br><br>Plaintiff,<br><br>MATTHEW BRENT GOETTSCHE, an individual and majority owner of CryptoWatt Investment Partners, LLC, the sole member of CryptoWatt Mining, LLC,<br><br>Defendant. | Cause No. CV 20-02-BU-BMM-KLD<br>Cause No. CV 20-03-BU-BMM<br><br>**BRIEF IN SUPPORT OF MOTION FOR ORDER ALLOWING PRODUCTION & USE OF CONFIDENTIAL SETTLEMENT AGREEMENT AND RELATED DOCUMENTS IN AAA ARBITRATION** |

## BACKGROUND

### A.     This Case & The Settlement

On December 26, 2019, Washington commenced a lawsuit styled Kevin Washington, an individual and minority owner of CryptoWatt Investment Partners, LLC, the sole member of CrytoWatt Mining, LLC, vs. Matthew Brent Goettsche, an individual and majority owner of CryptoWatt Investment Partners, LLC, the sole member of CryptoWatt Mining, LLC, in the Montana Second Judicial District Court, Butte/Silver Bow County (the "Washington Lawsuit").

On December 26, 2019, FX Solutions, Inc. commenced a lawsuit styled FX Solutions, Inc. v. Matthew Brent Goettsche, in the Montana Second Judicial District Court, Butte/Silver Bow County (the "FX Lawsuit").

On January 7, 2020, Goettsche removed the Washington and FX Lawsuits to this Court.  On January 12, 2020, Goettsche filed an Unopposed Motion to Consolidate.  On January 14, 2020, this Court filed an Order granting the Unopposed Motion to Consolidate.  On January 13, 2020, a receiver was appointed pursuant to an Order by this Court.  On January 14, 2020, the Washington Lawsuit and FX Solutions Lawsuits were consolidated under Lead Case Docket No. CV-20-02-BU-BMM-KLD.

On August 23, 2020, Goettsche, Hard Fork Holdings, Inc., Kevin Washington, CrytoWatt Management, LLC, CrytoWatt Investment Partners, LLC, CryptoWatt Mining, LLC, Rick Tabish, and FX Solutions, Inc. entered into a Confidential Global Settlement Agreement and General Mutual Release subject to FRE 408 and state law equivalents. (*see* Doc. 86 reference to Settlement). The parties then entered into an Amendment to Confidential Global Settlement Agreement and Mutual Release on September 2, 2020. The Settlement Agreement contains strict Confidentiality Provisions. This Case was dismissed following the settlement. (Doc. 87).

### B.   California State Court Action

On October 30, 2019, Evan Birenbaum filed a Complaint for Damages in the Superior Court of the State of California, for the County of Los Angeles, a copy of which is attached hereto as **Exhibit A**.

The Complaint includes seven (7) causes of action and names several Defendants. Birenbaum's Complaint seeks damages for monies he claims are owing for services and specialized knowledge that he allegedly provided in connection with a Bitcoin mining operation in Butte-Silver Bow County, Montana.

Birenbaum filed a First Amended Complaint for Damages on July 31, 2020, a copy of which is attached hereto as **Exhibit B**. Exhibit 1 to the First Amended Complaint is a contract between Birenbaum and BitPower, LLC (the "Contract") dated December 31, 2017. The Contract was executed by Birenbaum and BitPower,

LLC via Dan Burrell in his capacity as CEO. Birenbaum accepted BitPower, LLC's employment offer and agreed that it contained the terms of employment with no other terms express or implied. Birenbaum alleges he was "terminated on April 3, 2018." (Am. Compl., Exhibit B, ¶ 117).

The Contract contains the following arbitration clause:

> **15.** **Arbitration:** You and the Company shall submit to mandatory and exclusive binding arbitration of any controversy or claim arising out of, or relating to, this agreement or any breach of this letter. Such arbitration shall [be] held in the State of Montana, Missoula County, before a single neutral arbitrator, in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association in effect at that time.

Defendants Washington, CryptoWatt Management, LLC and CryptoWatt Mining, LLC filed a Motion to Compel Arbitration and to Stay the California state court proceedings pending completion of arbitration. Birenbaum opposed the motion, but the California state court granted it on September 21, 2020. A copy of the Notice of Ruling is attached hereto as **Exhibit C**.

### C. AAA Arbitration

Birenbaum filed a Statement of Claim and Demand for Arbitration in the American Arbitration Association ("AAA"), a copy of which is attached hereto as **Exhibit D**. Birenbaum's Statement of Claim is dated April 1, 2021, and Exhibit 1 thereto is the Contract between Birenbaum and BitPower, LLC, which contains the arbitration clause.

The allegations in Birenbaum's Statement of Claim are like those set forth in the First Amended Complaint he filed in California state court. Birenbaum alleges he "continued working for Respondents through April 3, 2018" before he was terminated and stopped providing services. (Statement of Claim, ¶¶ 63 and 71).

Certain Defendants named in the California state court proceedings are not named Respondents in the arbitration, including Burrell who executed the Contract with Birenbaum on behalf of BitPower, LLC. Birenbaum also added Respondents in the arbitration who were not named Defendants in the California state court proceedings.

Birenbaum named as Respondents Atlas Power, LLC and Atlas Power Holdings, LLC (the "Atlas entities"). Birenbaum's theory of liability against the Atlas entities is they are alleged successors of certain CryptoWatt entities and thus on the hook for Birenbaum's claim for damages. (Statement of Claim, ¶¶ 23-25). The Atlas entities are owned and controlled 100% by Washington. Though not named parties in this case and thus not parties to the Confidential Global Settlement Agreement and General Mutual Release, the Atlas entities were involved with the performance of the confidential terms of the Settlement Agreement.

On June 3, 2021, the Atlas entities filed an Objection and Motion to Dismiss them from the arbitration for lack of AAA jurisdiction, along with a Brief in Support. The Objection and Brief are attached hereto as **Exhibit E**.

On September 9, 2021, the Arbitrator (Hon. William Nels Swandal (Ret.)) filed an Executed Scheduling Order governing the arbitration, a copy of which is attached hereto as **Exhibit F**. The Scheduling Order allows "[r]easonable jurisdictional discovery [to] be permitted."

On September 13, 2021, Birenbaum served the Atlas entities with jurisdictional discovery requests in accordance with the Scheduling Order, a copy of which are attached hereto as **Exhibit G**. The jurisdictional discovery requests seek production of certain documents. The Confidential Global Settlement Agreement and General Mutual Release and related documents are implicated as responsive documents.

By way of example only, and without limitation, Request No. 1 asks the Atlas entities to produce all agreements through which they acquired any assets of the Bitcoin Mining Plant. The Confidential Global Settlement Agreement is a key document in the Atlas entities' defense of Birenbaum's successor liability claim. Request No. 8 asks the Atlas entities to produce the operating agreements for each of the CryptoWatt entities.

To date, the Atlas entities have been unable to comply with their discovery obligations by producing the Settlement Agreement and related documents in the arbitration due to the Confidentiality Provisions therein. Birenbaum has been patient and cooperative in the Atlas entities' efforts to address confidentiality concerns and

to obtain consent to produce the responsive documents. Unfortunately, those efforts were unsuccessful, so Court action was needed. The discovery issue needs to be resolved for the parties to move forward in the arbitration.

### D. Efforts to Address Confidentiality

The Confidentiality Provisions allow disclosure of the Settlement Agreement under certain circumstances, including to the extent required by valid legal process, subpoena, *discovery obligation*, or court order, providing the disclosing party shall: (i) provide all other Parties with at least ten (10) days prior written notice of its intent to disclose; (ii) cooperate with any other Party that seeks to prevent such disclosure; and (iii) take reasonable measures to prevent any further public disclosure by the receiving party, including entering into a non-disclosure agreement with such receiving party containing substantially the same restrictions as imposed by the Settlement Agreement. (emphasis supplied).

The parties in the arbitration entered into a Stipulated Confidentiality Agreement, a fully executed copy of which is attached hereto as **Exhibit H**. The Atlas entities desire to fulfill their discovery obligations by producing the Settlement Agreement and related documents in response to Birenbaum's jurisdictional discovery requests subject to the Confidentiality Agreement.

Tabish and FX Solutions, Inc. were contacted, and they have no objection to the Atlas entities producing the Settlement Agreement and related documents in the arbitration subject to the Confidentiality Agreement.

On September 16, 2021, the office of the undersigned emailed counsel for Goettsche, Hard Fork Holdings Inc., CryptoWatt Investment Partners, LLC, and CryptoWatt Mining, LLC, Mr. Kalish and Mr. Sauter, advising them of Birenbaum's jurisdictional discovery requests and that the Settlement Agreement is responsive thereto. The undersigned advised of Birenbaum's consent to the Confidentiality Agreement. A copy of this email is attached hereto as **Exhibit I**.

On September 24, 2021, counsel responded by email that his clients object to disclosure of the Settlement Agreement. A copy of this email is attached hereto as **Exhibit J**. The Confidentiality Agreement was provided to counsel by email on October 5, 2021. The Atlas entities requested that Goettsche, Hard Fork Holdings Inc., CryptoWatt Mining, LLC, and CryptoWatt Investment Partners, LLC reconsider their objection considering the Confidentiality Agreement. However, subsequent discussions with counsel were unsuccessful in resolving the discovery issue. They maintain their objection and requested the undersigned note the same herein.

## STANDARD

The Ninth Circuit reviews a district court's rulings concerning discovery for abuse of discretion. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469 (9th Cir. 1992). The Ninth Circuit also reviews a district court's decision to modify protective orders or confidentiality provisions for abuse of discretion. *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 472 (1992) (citing *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989)).

> A review for abuse of discretion requires a two-prong test:
>
> The Supreme Court has held that a district court abuses its discretion when it makes an error of law. Thus, the first step of our abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested. If the trial court failed to do so, we must conclude it abused its discretion.
>
> If the trial court identified the correct legal rule, we move to the second step of our abuse of discretion test…[T]he second step of our abuse of discretion test is to determine whether the trial court's application of the correct legal standard was (1) "illogical," (2) "implausible," or (3) without "support in inferences that may be drawn from the facts in the record."

*United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc) (internal citations omitted) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)). The second prong is "significantly deferential." *Hinkson*, at 1262.

# ARGUMENT

## I. The Atlas entities should be allowed to produce and use the Settlement Agreement and related documents in arbitration.

Courts often hold that a person or party may be required to produce a confidential settlement agreement where a sufficient showing is made that it is relevant to the issues in collateral litigation.

FRCP 26(b)(1) authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (indicating that "confidential settlement information" may be produced under appropriate circumstances).

As collateral litigants, the Atlas entities must demonstrate the relevance of the protected Settlement Agreement and related documents to the arbitration and their general discoverability therein. *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349 (2013) (citing *Foltz v. State Farm Auto Ins. Co.*, 331 F.3d 1122, (9th Cir. 2003)).

As noted in *Foltz*, "[i]f any properly protected discovery is relevant to the collateral suits, the district court should have modified the protective order [or confidentiality provisions] in the interest of avoiding duplicative discovery." *Id.*, at 1134. However, "before deciding to modify the protective order [or confidentiality provisions], the court that issued it must consider other factors in addition to the

relevance of the protected discovery to the collateral litigation. In particular, it must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.*, at 1133. "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Blum*, at 1355 (quoting *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470 (1992)).

The scope of discovery is broad and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Kelley v. Billings Clinic*, 2013 U.S. Dist. LEXIS 50370, *14 (D. Mont. 2013). "Relevance, for purposes of discovery, is construed broadly." *Jones v. BNSF Ry. Co.*, 2019 U.S. Dist. LEXIS 213475, *15 (D. Mont. 2019).

In *Bladeroom Grp., Ltd. v. Emerson Elec. Co.*, 11 F.4th 1010 (9th Cir. 1010), Circuit Judge Rawlinson wrote a concurring opinion that one party was "entitled to discovery of [confidential] settlement terms." *Id.*, 1028-29 (citing *Burke v. Regalado*, 935 F.3d 960, 1048 (10th Cir. 2019) (holding that the district court "erred when it declined to order disclosure of the settlement agreement" when it was "relevant" and "necessary" to resolving the case)).

*Bladeroom Grp.* explained that, "[a]ny concerns regarding unauthorized disclosure of the settlement terms may be addressed by a protective order fashioned by the district court." *Bladeroom Grp.*, ¶ 1029 (citing *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002) (explaining that courts have "broad discretion…to decide

when a protective order is appropriate and what degree of protection is required"); *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019) (explaining that "discovery of confidential settlement agreements is generally available under an appropriate protective order.")).

The Settlement Agreement and related documents are clearly relevant to the collateral arbitration. Birenbaum alleges the Atlas entities are successors liable for his claim against one or more alleged predecessors. ¶ 25 of his Statement of Claim alleges:

> On information and belief, Atlas Power, LLC was formed in 2019 by Washington. On information and belief, CryptoWatt Mining, CryptoWatt Management, and CryptoWatt Investment Partners, LLC, were renamed, reformed under, and/or rebranded as, Atlas Power. Atlas Power is the successor in interest to CryptoWatt Mining, CryptoWatt Management, and/or CryptoWatt Investment Partners, LLC.

(*See* **Exhibit D**, p. 10).

The general rule is that an entity that purchases only the assets of another corporation is not responsible for the debts and liabilities of the company unless the purchasing company expressly assumed those debts. *BNSF Ry. v. Toltz, King, Duvall, Anderson & Assocs.*, 2017 U.S. Dist. LEXIS 94915, *10 (D. Mont. 2017) (citing *In case of mere purchase or acquisition of another company's property – In general*, 15 Fletcher Cyc. Corp. § 7122 (2017)).

Under the continuity of enterprise exception, "[a] successor corporation can be liable for the debts of its predecessor, if it is merely a continuation or reincarnation of the first corporation." *BNSF Ry.,* \*10 (quoting *Buck v. Billings Montana Chevrolet, Inc.,* 248 Mont. 276, 811 P.2d 537, 543 (Mont. 1991)). "[H]owever, before a corporation can be deemed a successor, certain showings must be made." *Id.* (citing 19 Am. Jur. 2d § 2711). This "require[s] evidence of one or both of the following factual elements: (1) a lack of adequate consideration for acquisition of the former corporation's assets to be made available to creditors, or (2) one or more persons were officers, directors, or shareholders of both corporations." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004); *Buck,* 811 P.2d at 543 ("For example, it is generally required that the plaintiff establish that insufficient consideration ran from the new company to the old and that only one corporation existed at the completion of the transfer.").

The Settlement Agreement and related documents identify the relationship, if any, between the Atlas entities, Washington, and the CryptoWatt entities. The Settlement Agreement and related documents are relevant to Birenbaum's successor claim and the Atlas entities' defenses thereto. They are necessary to resolve the arbitration and they will assist the Arbitrator in analyzing the Atlas entities' jurisdictional objection, as well as the claim and defenses on the merits. The Atlas

entities are unable to defend themselves in the arbitration unless they can produce and use the Settlement Agreement and related documents for that limited purpose.

The Atlas entities provided the other parties to the Settlement Agreement with adequate notice of their need and intent to disclose it in discovery in the arbitration. Tabish and FX Solutions, Inc. do not object to disclosure, but Goettsche, Hard Fork Holdings, Inc., CryptoWatt Investment Partners, LLC, and CryptoWatt Mining, LLC do object. The Atlas entities cooperated with the objecting parties to try to resolve the dispute, but those efforts were unsuccessful. The Atlas entities took reasonable measures to prevent further public disclosure of the Settlement Agreement and related documents by negotiating and entering into the Confidentiality Agreement with the parties who have made appearances in the arbitration. The Confidentiality Agreement contains substantially the same restrictions as imposed by the terms of the Settlement Agreement.

The objecting parties may express concerns about the Atlas entities' right or obligation to produce the responsive documents since they were neither named parties in this case nor signatories on the Settlement Agreement. Such concerns are unwarranted. As mentioned above, the Atlas entities are owned and controlled 100% by Washington. Thus, the Atlas entities are in "control" of the Settlement Agreement and related documents as that word are used in FRCP 34(a)(1). "[F]ederal courts have consistently held that documents are deemed to be within the

'possession, custody, or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). "A party responding to a Rule 34 production request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). The Atlas entities have "possession, custody, or control" of the Settlement Agreement and related documents via Washington, their sole member. Washington is a signatory on the Settlement Agreement.

The Atlas entities should be allowed to produce and use the Settlement Agreement and related documents in defense of Birenbaum's arbitration claim subject to the Confidentiality Agreement. The Confidentiality Agreement is appropriately tailored to address disclosure or use concerns raised by the objecting parties. Precedent favors disclosure.

## CONCLUSION

The Atlas entities respectfully request an Order allowing them to disclose and use the Settlement Agreement and related documents in defense of Birenbaum's arbitration claim. Such disclosure and use shall be subject to the Confidentiality

Agreement as written or as modified in any way this Honorable Court finds necessary and appropriate to address and balance the objecting parties' interests.

DATED this 18th day of November, 2021.

                DATSOPOULOS, MacDONALD & LIND, P.C.

                By: /s/ J.R. Casillas
                    J.R. Casillas
                    Peter F. Lacny
                    201 West Main Street, Suite 201
                    Missoula, Montana 59802
                    jrcasillas@dmllaw.com
                    placny@dmllaw.com
                    *Attorneys for Washington and*
                    *CryptoWatt Management, LLC*

## CERTIFICATE OF COMPLIANCE

I certify under Local Rule 7.1(d)(2)(E) that this brief is double-spaced, has a proportionally-spaced typeface of 14 points, and contains 3,085 words of text.

DATED this 18th day of November, 2021.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: /s/ J.R. Casillas
J.R. Casillas
Peter F. Lacny
201 West Main Street, Suite 201
Missoula, Montana 59802
jrcasillas@dmllaw.com
placny@dmllaw.com
*Attorneys for Washington and CryptoWatt Management, LLC*

## CERTIFICATE OF SERVICE

I, J.R. Casillas, one of the attorneys for Kevin Washington and CryptoWatt Management, LLC, hereby certify that a copy of the foregoing document was served on these persons by the following means:

<u> 1, 4 </u> CM/ECF
<u>     </u> Hand Delivery
<u>     </u> Mail
<u>     </u> Overnight Delivery Service
<u>     </u> Fax
<u> 2, 3 </u> Email

1. Clerk, U.S. District Court

2. Benjamin J. A. Sauter
   Kobre & Kim
   800 Third Avenue
   New York, New York 10022
   benjamin.sauter@kobrekim.com

3. Josh Kalish
   Odell Girton Siegel, LLC
   434 West 33rd Street, PH
   New York, New York 10001
   josh@ogslawllc.com

4. Robert L. Sterup
   Brown Law Firm, P.C.
   315 North 24th Street
   Billings, Montana 59101
   rsterup@brownfirm.com

DATED this 18th day of November, 2021.

                 DATSOPOULOS, MacDONALD & LIND, P.C.

                 By: <u>  /s/ J.R. Casillas                              </u>
                        J.R. Casillas
                        Peter F. Lacny