J.R. Casillas
Peter F. Lacny
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Email: jrcasillas@dmllaw.com; areiber@dmllaw.com
placny@dmllaw.com; hellison@dmllaw.com

*Attorneys for Atlas Power, LLC and Atlas Power Holdings, LLC*

### IN THE AMERICAN ARBITRATION ASSOCIATION

| EVAN BIRENBAUM, | AAA Case No. 01-21-0002-5535 |
|---|---|
| Claimant, | |
| v. | **STIPULATED CONFIDENTIALITY AGREEMENT** |
| CRYPTOWATT MANAGEMENT, LLC; CRYPTOWATT MINING, LLC; CRYPTOWATT INVESTMENT PARTNERS, LLC; BITPOWER MANAGEMENT, LLC; BITPOWER, LLC; BITPOWER INVESTMENT PARTNERS, LLC; ATLAS POWER, LLC; ATLAS POWER HOLDINGS, LLC; and DOES 1 through 100, | |
| Respondents. | |

Claimant, Evan Birenbaum ("Birenbaum"), and Respondents, Atlas Power, LLC, Atlas Power Holdings, LLC (hereinafter "Atlas Entities") and Cryptowatt Management, LLC ("CWM"), agree that this Stipulated Confidentiality Agreement

**Exhibit H**

Stipulated Confidentiality Agreement          1

("Agreement") shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, and any other information produced, given or exchanged by and among the parties and non-parties to this action.

## RECITALS

A.   Birenbaum has claimed against the Atlas Entities, CWM, and other named Respondents for, *inter alia*, Breach of Contract; Breach of the Implied Covenant of Good Faith & Fair Dealing; Fraud; Negligent Misrepresentation; For Recovery of Unpaid Wages; and, Punitive Damages. The Atlas Entities and CWM deny all material allegations of these claims.

B.   Some of the information the parties may seek or develop through discovery in this case may contain or consist of information that the party producing or developing will claim is confidential, proprietary or trade secret information, and, therefore may be entitled to protection under applicable rules.

C.   Nothing in this Agreement is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain confidential information. This Agreement is simply a procedural framework to facilitate the discovery processes and/or to provide protections concerning documents and information exchanged between and among the

parties and non-parties in this case. No part of this Agreement shall be used in this action or in any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential or personal. Based on these recitals and the terms of disclosure that follow, the parties have agreed to this Agreement in order to facilitate the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information in this action.

## DEFINITIONS

For the purposes of this Agreement, the following definitions shall apply:

**"Discovery Material"** means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, witness interviews, and any other information produced pursuant to applicable rules or otherwise given or exchanged by and among the parties and non-parties to this action.

**"Confidential Discovery Material"** means Discovery Material designated as "Confidential" under the terms of this Agreement.

**"Producing Party"** means any party or non-party to this action producing

Discovery Material.

**<u>Designating Party</u>**" means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

## TERMS

### Discovery Material

1. Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Agreement. The burden shall be on the Designating Party to demonstrate, when and if challenged, to prove that such Discovery Material contains personal information that requires the protections provided in this Agreement. Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information which may qualify for protection.

   A. Non-public revenue, cost, income, pricing, margin, profit, loss, income statement, balance sheet, cash flow, sources and uses of cash, change in shareholder equity or other non-public financial data, including financial projections and forecasts containing such data;

   B. Non-public information relating to proposed sales, advertising, marketing, supplier or product development strategies;

   C. Materials constituting or containing research on specific investments,

whether particular entities, industries or sectors;

D. Any material constituting a trade secret, including, without limitation, product specifications, product designs, product development plans, research and development plans and data, market surveys and analyses, customer lists, customer profiles, customer complaint and satisfaction information and the like;

E. Non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case);

F. Personal and/or non-public financial information;

G. Any information related to e-mails of any party's current and/or former customers, contractors, or clients;

H. Certain settlement agreements and/or releases;

I. Certain corporate formation and operational documents; and

J. Any other material qualifying for protection under applicable rules.

2. Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding, mediation, arbitration, action, or other litigation.

**Designation Procedure**

3. The designation of Discovery Material as "Confidential" for purposes of this Agreement shall be made in the following manner by any Designating Party:

    A.    In the case of documents (apart from recorded testimony), by stamping each and every page to be designated "Confidential" with the applicable legend "Confidential" or other similar designation identifying the material as confidential and to be used solely in this action.

    B.    In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential". Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned. To be effective, such notice must be sent within twenty-one (21) days of the date on which the reporter mails a copy of the transcript to counsel for the Designating Party, or, if such counsel has not ordered a transcript, within twenty-one (21) days of the date that the reporter notifies counsel that the original transcript is available for review. In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original

transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

C. In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential".

D. In the case of any other production of Discovery Materials not otherwise specifically identified above, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential".

E. Documents produced prior to the execution date of this Agreement and marked "Confidential," if any, shall be deemed Confidential Material under the terms of this Agreement.

F. The parties to this Agreement may modify the procedures set forth in paragraphs 3(B)-(C) hereof through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further Agreement of the

      Arbitrator.

**Confidential Material**

4.    Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    A.    The Arbitrator, persons employed by the Arbitrator and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    B.    Any named party, outside counsel to such parties whether or not they have entered appearances in this action, in-house counsel for the corporate parties herein, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

    C.    Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 6;

    D.    Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Undertaking in the form attached as Exhibit 1 and thereby agrees to be bound by the terms of this

Agreement, or (ii) if such witness refuses to sign an Undertaking, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Agreement, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to this Agreement, may be used only in connection with that deposition and may not be communicated to any other person, that the witness is subject to this Agreement and that any misuse of the Confidential Discovery Material will violate this Agreement and may subject the individual to civil liability for such disclosure.

E. Copies of all signed "Undertakings" will be provided by each party to each other party, enabling all parties to know to whom Confidential Discovery Material has been provided.

F. A recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such recipient signs an Undertaking in the form attached as Exhibit 1 and thereby agrees to be bound by the terms of this Agreement.

G. The claims counsel or representative of any insurer of any party to this

       action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action, and provided that such claims counsel or representative signs an Undertaking in the form attached as Exhibit 1 and thereby agrees to be bound by the terms of this Agreement.

    H.    Any individual identified by a party as a person with knowledge of the facts of the case, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such recipient signs an Undertaking in the form attached as Exhibit 1 and thereby agrees to be bound by the terms of this Agreement.

## Designation Disputes

5.    If any party objects to the designation of any Discovery Materials as "Confidential", the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the objecting party may move for relief from this Agreement with respect to such challenged discovery materials. If the objecting party makes such a motion, the Discovery Material shall continue to be deemed "Confidential", under the terms of this Agreement, until the Arbitrator rules on such motion. In any proceeding to release Confidential Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon

the Designating Party to sustain the burden of establishing the appropriateness of the classification. A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

**Use of Confidential Discovery Material.**

6. Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions herein, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any such material, such consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit 1, thereby agreeing in writing to be bound by the terms and conditions of this Agreement, consenting to the jurisdiction of the AAA for purposes of enforcement of the terms of this Agreement, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

7. No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in subsections (A) – (C) and (F) of paragraph 4, above. To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action and in accordance with the provisions of this Agreement.

8. In the event that any Confidential Discovery Material is used in any proceeding in this action, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any proceedings including, but not limited to, the option of requesting the Arbitrator to hear counsel with respect to such information *in camera*. No party, other than the party who designated the particular material as Confidential Discovery Material shall offer Confidential Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Arbitrator in any proceeding, without first advising the Arbitrator and the Designating Party of its intent to do so. At that point, the Designating Party may seek such protection from the Arbitrator as it deems appropriate, including the exclusion of persons and witnesses from the Arbitration and the sealing of the pertinent parts of the record. The use of Confidential Discovery Material in any proceeding shall not limit in any way the rights of any person to petition the Arbitrator for such further protective measures as may be necessary to protect the confidentiality of such material. If Confidential Discovery Material is used in connection with an appeal or other public proceedings arising from this Arbitration, such as a request to confirm, vacate, modify, or correct an award, the filing party must comply with the under-seal filing procedures of the court it is being filed in.

9. The provisions of this Agreement shall, absent written permission of a Designating Party, further agreement amongst the parties hereto or Order of the Arbitrator, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals therefrom.

10. At the conclusion of this matter by settlement, verdict, judgment, award, confirmation of award, appeal, and/or final judgment, all Confidential Discovery Material as well as any reproductions thereof shall be destroyed or returned to the producing Party if requested in writing by the producing Party. At the request of any Party designating the Confidential Discovery Material, the Party receiving such confidential documents and things shall certify in writing to the producing Party that the receiving Party has destroyed or returned all Confidential Discovery Material. Counsel for the parties shall be entitled to retain arbitration papers, deposition and trial transcripts and attorney work product that contain Confidential Discovery Material or references thereto; <u>provided</u> that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such tribunal papers or attorney work product except pursuant to Order of the Arbitrator or agreement with the Designating Party.

11. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent

or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by the Work Product Doctrine and Attorney-Client Privilege under Montana law.

12. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. If any person receiving and in the possession, custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking Confidential Discovery Material by one not a party to this action, the receiving party shall give prompt written notice, by email, hand or facsimile transmission within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

14. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to

Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Agreement and provided a copy of same to all other counsel in this action.

15. Neither this Agreement, the production or receipt of Confidential Discovery Material hereunder, nor otherwise complying with the terms of this Agreement, shall:

   A. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

   B. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Agreement;

   C. Prejudice in any way the rights of any party to petition the Arbitrator for additional protection in the form of a Protective Order relating to any confidential information the party asserts requires or should be subject to other or further protection;

   D. Prevent the parties to this Agreement from agreeing in writing, with the

      consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

    E.    Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential".

16. Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that such party produced and designated as Confidential Discovery Material in connection with this action.

17. Nothing in this Agreement shall preclude any party from filing a motion seeking further or different protection from the Arbitrator under applicable rules, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

18. This Agreement shall be binding on all parties and their privies.

                [Remainder of Page Intentionally Left Blank.]

SO STIPULATED AND APPROVED:

DATED this 20th day of October, 2021.

>DATSOPOULOS, MACDONALD & LIND, P.C.
>*Attorneys for Atlas Entities*
>
>By: _____
>   J.R. Casillas
>   Peter F. Lacny

DATED this 10th day of October, 2021.

>NELSON & FRAENKEL LLP
>*Attorneys for Evan Birenbaum*
>
>By: _____
>   Gabriel S. Barenfeld

DATED this 8 day of November, 2021.

>HANSBERRY & JOURDONNAIS, PLLC
>*Attorneys for Cryptowatt Management, LLC*
>
>By: _____
>   Charles E. Hansberry
>   Jenny M. Jourdonnais

Stipulated Confidentiality Agreement      17

# EXHIBIT 1 TO STIPULATED CONFIDENTIALITY AGREEMENT

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| EVAN BIRENBAUM, | AAA Case No. 01-21-0002-5535 |
| Claimant, | |
| v. | **DECLARATION OF** _____ |
| CRYPTOWATT MANAGEMENT, LLC; CRYPTOWATT MINING, LLC; CRYPTOWATT INVESTMENT PARTNERS, LLC; BITPOWER MANAGEMENT, LLC; BITPOWER, LLC; BITPOWER INVESTMENT PARTNERS, LLC; ATLAS POWER, LLC; ATLAS POWER HOLDINGS, LLC; and DOES 1 through 100, | |
| Respondents. | |

I, _____, declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read and know the contents of the Stipulated Confidentiality Agreement ("Agreement") entered into by the parties to this case on or about _____, 2021.

5. I am one of the persons described in the Agreement. I am executing this Declaration and agreeing to be bound by its terms to satisfy the conditions provided in the Agreement before the disclosure to me of any Confidential Information identified under the Agreement.

6. I have read and agree to be bound by the terms of the Agreement.

7. All documents and information which are disclosed to me pursuant to the Agreement shall be maintained by me in strict confidence and I shall not disclose or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the Agreement.

8. I shall not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Agreement.

9. I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I received such documents, and I shall destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

10. I do and shall subject myself to the continuing jurisdiction of the above-captioned Arbitrator over my person, wherever I shall be, for purposes of the enforcement of the Agreement.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____        By: _____